[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13472
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-00810-CV-JOF-1


RONALD J. CAMPBELL, JR.,
KRISTIE CAMPBELL,

Plaintiffs-Appellants,


GEORGIA POWER COMPANY,

Intervenor-Plaintiff-
Appellant,

versus


ALTEC INDUSTRIES, INC.,
TEXAS HYDRAULICS, INC.,
JOHN DOE CORPORATION #1,
JOHN DOE CORPORATION #2,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 17, 2011)

Before TJOFLAT, WILSON and EBEL,[*] Circuit Judges.

PER CURIAM:

In this product liability action, Ronald J. Campbell, Jr., an employee of Georgia Power Company ("Georgia Power"), seeks damages for the injuries he received while operating an A77-T bucket truck on June 30, 2006.[1] Campbell's injuries occurred when the bucket truck's lower boom lift cylinder failed and caused the upper and lower booms to drop, sending the bucket to the ground. The bucket truck was manufactured and sold to Georgia Power by Altec Industries, Inc. ("Altec"). The defective component—the lift cylinder—was manufactured by Texas Hydraulics, Inc. ("THI") and developed jointly by THI and Altec for use in the bucket truck. The lift cylinder was first tested on January 14, 1998; it was installed on the bucket truck in March 1998. The completed bucket truck, with the lift cylinder in place, was delivered to Georgia Power in April 1998.

_____

[*] Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by designation.

[1] Campbell's wife and coplaintiff, Kristie Campbell, seeks damages for loss of consortium.

2

Campbell and his wife brought this products liability action against Altec and THI on February 4, 2008, pursuant to O.C.G.A. § 51-1-11(b)(1), which "provides a cause of action in tort for a person injured by personal property against the property's manufacturer if the condition in which the property was sold is the proximate cause of the injury sustained."[2] Altec and THI jointly moved for summary judgment based on the statute of repose, § 51-1-11(b)(2), that creates a time limit for bringing a § 51-1-11(b)(1) cause of action. Specifically, § 51-1-11(b)(2) requires that the claim be brought within "ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury."

The district court granted the motion for summary judgment,[3] finding the Campbells' claim untimely under the statute of repose. The court held that the statute's ten-year time limit began to run on January 14, 1998—the date on which Altec first tested the lift cylinder. Because that date was more than ten years

---

[2] The Campbells additionally asserted a failure to warn claim against Altec and THI. After the district court's grant of summary judgment on the Campbells' product liability claims, the Campbells moved the district court to withdraw their remaining failure to warn claim under Federal Rule of Civil Procedure 15(a)(2), which permits a party to "amend its pleading only with the opposing party's written consent or the court's leave." The district court granted their Rule 15 motion, an action that we already have concluded was the proper way to dismiss the claim, see Campbell v. Altec Indus., Inc., 605 F.3d 839, 841 n.1 (11th Cir. 2010).

[3] Our previous opinion in this case incorrectly states that the district court granted "Campbell's motion [for summary judgment]." 605 F.3d at 841. The district court granted Altec and THI's motion for summary judgment.

before the Campbells filed this lawsuit, their suit was time barred.

The Campbells appealed. Because Georgia law lacked clear controlling precedent regarding the date on which the statute of repose should begin to run—i.e., the date in a product's life-cycle that constitutes the "date of first sale for use or consumption of the personal property causing or otherwise bringing about the injury"—we certified the following question to the Supreme Court of Georgia.[4]

> IN A STRICT LIABILITY OR NEGLIGENCE ACTION, DOES THE STATUTE OF REPOSE IN O.C.G.A. § 51-1-11 BEGIN RUNNING WHEN (1) A COMPONENT PART CAUSING AN INJURY IS ASSEMBLED OR TESTED, (2) A FINISHED PRODUCT, WHICH INCLUDES AN INJURING COMPONENT PART, IS ASSEMBLED, OR (3) A FINISHED PRODUCT, WHICH INCLUDES AN INJURING COMPONENT PART, IS DELIVERED TO ITS INITIAL PURCHASER?[5]

The Supreme Court has answered our question. See generally Campbell v. Altec Indus., Inc., No. S10Q1379, ___ S.E.2d ____, 2011 WL 356110 (Ga. Feb. 7, 2011). The Supreme Court ruled that "the statute of repose found in O.C.G.A. § 51-1-11(b)(2) begins to run when a finished product is sold as new to the

---

[4] We certified the question because the issue of the date on which the statute of repose began to run is determinative of this appeal. This is because three dates potentially could have constituted the "date of first sale for use or consumption" of the lift cylinder that caused Campbell's injury: (1) the date used by the district court, which was the date on which Altec tested the lift cylinder (January 14, 1998); (2) the date of the lift cylinder's installation in the bucket truck (March 1998); or (3) the date of initial delivery of the bucket truck to Georgia Power, the ultimate purchaser (April 1998). If the statute of repose began to run on either of the latter two dates, the Campbells' § 51-1-11(b)(1) cause of action would not be time barred.

[5] 605 F.3d at 842.

4

intended consumer who is to receive the product, in this case, Georgia Power

Company." Id. at _____, 2011 WL 356110, at *3–4 (emphasis added).[6]

In light of the Supreme Court's answer, the ten-year limitations period of the

statute of repose did not begin to run on the Campbells' § 51-1-11(b)(1) cause of

action until April 1998, when the bucket truck was delivered to Georgia Power.

The lawsuit was timely filed, and the district court erred in holding that it was not.

We therefore VACATE the court's summary judgment and REMAND the case for

further proceedings.

VACATED and REMANDED.

---

[6] In so ruling, the Supreme Court found to be error statements to the contrary made within Johnson v. Ford Motor Co., 637 S.E.2d 202, 206 (Ga. Ct. App. 2006), an opinion in which the Georgia Court of Appeals held that the reference date under the statute of repose was the date in which a component part was installed in an automobile, not the date in which the automobile was sold. See Campbell v. Altec Indus., Inc., No. S10Q1379, ___ S.E.2d ____, 2011 WL 356110, at *3 (Ga. Feb. 7, 2011).