Ricci v. Teamsters Union Local 456

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2014

(Submitted: March 11, 2015     Decided: March 18, 2015)

Docket No. 14-1732

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Peter Ricci, Barbara Ricci,

Plaintiffs-Appellants,

- v.-

Teamsters Union Local 456,
GoDaddy.com, LLC,

Defendants-Appellees.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Before:             JACOBS and LOHIER, Circuit Judges, and SWAIN,
                    District Judge.[**]

---

[*]     The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

[**]    The Honorable Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, J.) dismissing defamation claims against GoDaddy.com, LLC, and federal labor law claims against the Teamsters Union Local 456.  We affirm, holding that the Communications Decency Act of 1996 shields GoDaddy from defamation liability, and that all claims against the Teamsters Union are barred by the statute of limitations.

> Peter Ricci and Barbara Ricci, pro se,
> Yonkers, New York.
>
> Christopher A. Smith, Trivella & Forte, LLP, White Plains, New York, for Defendant-Appellee Teamsters Union Local 456.
>
> Aaron M. McKown and Paula L. Zecchini, Ring Bender LLLP, Irvine, California, for Defendant-Appellee GoDaddy.com, LLC.

PER CURIAM:

Plaintiffs Peter and Barbara Ricci ("the Riccis") bring this action pro se against GoDaddy.com, LLC ("GoDaddy") and the Teamsters Union Local 456 (the "Union" or the "Teamsters"), alleging that false statements about the Riccis in a Union newsletter were republished on a website hosted on GoDaddy's servers.  As relevant here, plaintiffs sue GoDaddy for defamation; they sue the

2

Teamsters for retaliation in violation of sections 7 and 8 of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 157, 158(b)(1)(A), and for breach of the NLRA's implied duty of fair representation. The defamation claims fail because GoDaddy enjoys immunity from this suit under the Communications Decency Act of 1996, 47 U.S.C. § 230. The labor claims are barred by the NLRA's six-month statute of limitations, 29 U.S.C. § 160(b). We affirm.

## I

The following facts are drawn from plaintiffs' complaint, and are assumed to be true for purposes of our de novo review of the district court's grant of defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Phillips v. City of New York, 775 F.3d 538, 542 (2d Cir. 2015).

Peter Ricci, a Teamsters member since 1983, refused to endorse Union President Eddie Doyle at a meeting in September 2002. For the next ten years, Ricci was "blackballed" and suffered retaliation by the Union leadership. He was fired from jobs he should have kept; he was not placed in certain jobs he should have gotten; and he was generally disfavored, even as compared with members with less seniority.

In August and September 2012, members of the Union distributed newsletters containing defamatory statements about the Riccis (and their daughter). Those newsletters were also published on a website called thewestchesternewsletter.com (now defunct), which was hosted on GoDaddy's web servers. Soon after, on December 6, 2012, Peter Ricci left the Union.

The Riccis do not allege that GoDaddy had any role in creating the allegedly defamatory newsletters. To the contrary, their complaint repeatedly alleges that the newsletters were drafted and distributed by others. See Compl. ¶ 9 (alleging that "Teamsters Union Local 456" is "the creator of the newsletters"); see also id. ¶ 10 (alleging that GoDaddy (eventually) "decided to reveal the . . . identity of the publisher and creators of the newsletters"). As to GoDaddy, the only allegations in the complaint are: (1) GoDaddy hosted a website that published the allegedly defamatory newsletters, see id. ¶¶ 9-10; (2) GoDaddy "refused to remove the newsletter" from its servers, id. ¶ 9; and (3) GoDaddy "completely refused to investigate Barbara Ricci's complaints," id. None of those allegations are disputed by the parties.

On July 8, 2013, the Riccis filed this lawsuit in the Supreme Court of the State of New York. The Teamsters, with GoDaddy's consent, removed the case to

4

the United States District Court for the Southern District of New York. Each then moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court (Román, J.) granted both motions; dismissed all claims against GoDaddy, and all federal claims against the Teamsters Union; and declined to exercise supplemental jurisdiction over any remaining state law claims.

## II

Accepting as true all of the allegations in the complaint, GoDaddy is immune from the Riccis' defamation claims under a provision of the Communications Decency Act of 1996: "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Preemption is express: "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." Id. § 230(e)(3).

The Riccis seek to hold GoDaddy liable as a "publisher or speaker" of allegedly defamatory statements authored by someone else--that is, "another

5

information content provider." Id. § 230(c)(1).[1] So if GoDaddy is being sued in its capacity as a provider of an "interactive computer service," id., it is immune from defamation liability under the Communications Decency Act.

The statute defines "interactive computer service" expansively, to include "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." Id. § 230(f)(2). This wording has been construed broadly to effectuate the statute's speech-protective purpose:

> Congress recognized the threat that tort-based lawsuits pose to freedom of speech in the new and burgeoning Internet medium. . . . Section 230 was enacted, in part, to maintain the robust nature of Internet communication and, accordingly, to keep government interference in the medium to a minimum. . . . None of this means, of course, that the original culpable party who posts defamatory messages would escape accountability. . . . Congress made a policy choice, however, not to deter harmful online speech through the separate route of imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages.

Zeran v. Am. Online, Inc., 129 F.3d 327, 330-31 (4th Cir. 1997). In short, a plaintiff defamed on the internet can sue the original speaker, but typically "cannot sue

---

[1] "The term 'information content provider' means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).

6

the messenger." <u>Chi. Lawyers' Comm. for Civil Rights Under Law, Inc. v. Craigslist, Inc.</u>, 519 F.3d 666, 672 (7th Cir. 2008).

We have never construed the immunity provisions of the Communications Decency Act, but other courts have applied the statute to a growing list of internet-based service providers. <u>See, e.g.</u>, <u>Klayman v. Zuckerberg</u>, 753 F.3d 1354 (D.C. Cir. 2014); <u>Doe v. MySpace, Inc.</u>, 528 F.3d 413 (5th Cir. 2008); <u>Craigslist</u>, 519 F.3d at 672. That includes GoDaddy. <u>See</u> <u>Kruska v. Perverted Justice Found. Inc.</u>, No. CV 08-0054-PHX-SMM, 2008 WL 2705377, at *3 (D. Ariz. July 9, 2008) ("GoDaddy, as a web host, qualifies as an interactive computer service provider under the CDA.").

We join this consensus. The Riccis allege only that GoDaddy "refused to remove" from its web servers an allegedly defamatory newsletter that was authored by another. These allegations do not withstand the Communications Decency Act, which shields GoDaddy from publisher liability (with respect to web content provided by others) in its capacity as a provider of an interactive computer service.

Although "[p]reemption under the Communications Decency Act is an affirmative defense, . . . it can still support a motion to dismiss if the statute's

7

barrier to suit is evident from the face of the complaint." Klayman, 753 F.3d at 1357; see also McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004). Here, the defect is evident. So dismissal was appropriate.

## III

As to the labor law claims against the Teamsters Union: we agree with the district court that they are all barred by the six-month statute of limitations in the NLRA. See 29 U.S.C. § 160(b); see also DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 155 (1983). The last event referenced in the complaint took place on December 6, 2012, when Peter Ricci left the Teamsters Union. Even assuming the statute did not begin to run until then, the complaint, which was filed on July 8, 2013, was about a month late.[2]

---

[2] For the first time on appeal, the Teamsters argue that exclusive jurisdiction over the labor law claims lies with the National Labor Relations Board. See San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236, 246 (1959). The Teamsters are wrong: the Riccis bring a claim under the implied duty of fair representation, and all of their other claims against the Union are "collateral" to that fair representation claim; so the federal courts have subject-matter jurisdiction. See, e.g., Marquez v. Screen Actors Guild, 525 U.S. 33, 50 (1998).

## CONCLUSION

For the foregoing reasons, and finding no merit in plaintiffs' other arguments, we hereby **AFFIRM** the judgment of the district court.