[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15400
_____

D.C. Docket No. 2:13-cv-0036-JES-DNF


PAMELA M. PERRY, M.D.,

Plaintiff-Appellant,

versus

THE SCHUMACHER GROUP OF LOUISIANA,
a Louisiana Corporation,
THE SCHUMACHER GROUP OF FLORIDA, INC.,
a Florida Corporation,

Defendants-Appellees,

COLLIER EMERGENCY GROUP, LLC,
a Florida Limited Liability Company,

Defendant-Cross Defendant-
Cross Claimant-Appellee,

HEALTH MANAGEMENT ASSOCIATES, INC.,
a Florida Corporation,

Defendant- Cross Claimant -Appellee,

HEALTH MANAGEMENT ASSOCIATES, INC.,
a Michigan Corporation,

Defendant-Appellee,

NAPLES HMA, LLC,
a Florida Limited Liability Company,
dba Physicians Regional Healthcare System,

                                        Defendant-Cross
                          Claimant- Cross Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 4, 2018)

Before TJOFLAT and MARTIN, Circuit Judges, and MURPHY,[*] District Judge.

TJOFLAT, Circuit Judge:

In this workplace-discrimination, retaliation, and breach-of-contract case, Dr. Pamela Perry appeals the District Court's denial of her motion to enter final judgment, pursuant to Federal Rule of Civil Procedure 54(b), as to seven of her eight causes of action against three companies (referred to collectively as "Defendants") for whom she once worked. The District Court disposed of those claims on the merits by dismissing some, granting summary judgment in favor of Defendants as to some, and entering judgment as a matter of law in favor of Defendants as to others. This left pending and due to be tried only one claim against one Defendant: a 42 U.S.C. § 1981 discrimination claim against Defendant Naples HMA, LLC ("NHMA").

_____

[*] Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

In an effort to appeal the disposition of her other causes of action instead of trying the § 1981 claim in isolation, Dr. Perry entered into a joint stipulation with NHMA purporting to voluntarily dismiss the § 1981 claim pursuant to Federal Rule of Civil Procedure 41(a)(1) and then moved the District Court to enter final judgment on the remaining claims. The District Court denied the motion, finding that it no longer had jurisdiction over the action after Dr. Perry voluntarily dismissed her lone remaining claim.

After careful consideration of the record, and with the benefit of oral argument, we reverse because the parties' joint stipulation of dismissal was invalid. Rule 41(a)(1), according to its plain text, permits voluntary dismissals only of entire "actions," not claims. Thus, the invalid joint stipulation did not divest the District Court of jurisdiction over the case.

I.

Dr. Perry is an African-American physician who, during the time period relevant to the case, worked as medical director of Pine Ridge Medical Center in Naples, Florida. There are five named Defendants in this case, four of which are still part of the case and parties to this appeal. Two are subsidiaries of The Schumacher Group ("TSG"), a company that specializes in placing physicians in hospitals in numerous states and worked with Dr. Perry in her placement at Pine Ridge. Collier Emergency Group, LLC ("CEG") is an affiliate of TSG which

3

offered Dr. Perry the position.  Naples HMA, LLC ("NHMA") operated the Pine Ridge facility.  A fifth Defendant, Health Management Associates ("HMA"), was not affiliated with any of the other Defendants, and Dr. Perry stated that she sued this company in error.  Accordingly, she voluntarily dismissed HMA from the case.

In January 2013, Dr. Perry brought suit in the Middle District of Florida against Defendants, alleging that they discriminated and retaliated against her during her employment with them, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.  After the case began, she asked for and received leave to amend her complaint four times.  The final iteration, the Fourth Amended Complaint, contained eight claims raised in separate counts, each alleged against a specific Defendant or Defendants.

As the case progressed, the District Court gradually disposed of seven of the eight counts, eliminating some by granting a joint motion to dismiss, others by granting summary judgment on some claims in favor of some Defendants, and still others by entering judgment for some Defendants on some claims as a matter of law.  When the dust settled, only one count, § 1981 discrimination,[1] against one Defendant, NHMA, remained.

---

[1] In relevant part, 42 U.S.C. § 1981 states:

Preferring not to proceed to trial on that claim alone, Dr. Perry attempted to first make it possible to appeal the disposal of her other claims. In an attempt to effectuate immediate appeal, she entered on November 9, 2014 into a "Joint Stipulation for Voluntary Dismissal Without Prejudice of Count III (42 U.S.C. § 1981) of Fourth Amended Complaint" ("the Stipulation"). The Stipulation stated, "The parties agree that Count III of the Fourth Amended Complaint as the remaining claim in this action is hereby dismissed without prejudice." The parties stated that they were filing the Stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), which governs voluntary dismissal of actions without a court order.[2] Thereafter, the District Court observed that "nothing further

---

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

*Id.* § 1981(a).

[2] Rule 41(a)(1) states:

Voluntary Dismissal.

(1) *By the Plaintiff.*

(A) *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

5

remain[ed] to be done" in the case, and accordingly entered judgment in favor of

Defendants and dismissed all claims but the § 1981 discrimination claim with

prejudice.

On December 12, 2014, Dr. Perry appealed the disposition of her claims.

On January 21, 2015, we ordered the parties to brief whether this Court had

jurisdiction to entertain Dr. Perry's appeal, in light of the fact that the District

Court's dismissal of her § 1981 discrimination claim was without prejudice.  Five

days later, Dr. Perry moved the District Court to enter final judgment, pursuant to

Federal Rule of Civil Procedure 54(b), as to the claims of which the District Court

disposed on the merits.  The District Court denied her motion, finding that, in the

wake of Dr. Perry's voluntary dismissal of her sole remaining claim, it lacked

jurisdiction to grant the Rule 54(b) motion.

After receiving the parties' responses to our jurisdictional question, we held

that we lacked jurisdiction to consider Dr. Perry's appeal because the District

Court's order disposing of her counts was "non-final."  Order of Aug. 28, 2015,

*Perry v. Schumacher Grp.*, No. 14-15600 (11th Cir. Aug. 28, 2015).  On remand,

Dr. Perry moved the District Court to dismiss her § 1981 discrimination claim with

---

(B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

prejudice, and simultaneously filed a renewed motion for entry of final judgment. The District Court denied both motions, holding that it "lack[ed] jurisdiction over the substance of the case" in light of Dr. Perry's earlier voluntary dismissal of her remaining claim. Dr. Perry timely appealed.

## II.

This case turns on resolution of one issue: whether the District Court had jurisdiction to entertain Dr. Perry's motion to enter final judgment on her defeated claims, in the wake of the Stipulation's entry. We conclude that the District Court erred in finding that it lacked jurisdiction to consider the motion. The Court had (and still has) jurisdiction over the case, because the Stipulation was invalid.

We are guided by the plain text of Federal Rule of Civil Procedure 41(a)(1)(A), which the parties invoked as the legal authority for their attempted voluntary dismissal of Dr. Perry's § 1981 claim against NHMA. In relevant part, Rule 41(a)(1)(A) states,

> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.

It is clear from the text that only an "*action*" may be dismissed. There is no mention in the Rule of the option to stipulate dismissal of a portion of a plaintiff's lawsuit—*e.g.*, a particular *claim*—while leaving a different part of the lawsuit

7

pending before the trial court. *See Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001) ("Rule 41(a)(1)(i) does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case."); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (3d ed. 2008) ("[I]t has been held that when multiple claims are filed against a single defendant, Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action. A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15.").

The operation of the Federal Rules confirms Rule 41(a)(1)(A)'s plain text. There are multiple ways to dismiss a single claim without dismissing an entire action. The easiest and most obvious is to seek and obtain leave to amend the complaint to eliminate the remaining claim, pursuant to Rule 15. Rule 15 states that an amendment to the pleadings is permitted upon permission from the other party or leave of the district court, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, we cannot foresee how leave to amend could be denied given the circumstances. Dr. Perry wished to seek immediate appellate review of the District Court's disposition of seven of her eight claims, did not wish to proceed to trial on one single claim against one single Defendant, and conceded that she was willing to drop her § 1981 claim against NHMA. Had she amended her complaint to remove that claim, the District Court

would have entered final judgment against her and she could have appealed everything at once.  In short, Rule 15 was designed for situations like this.

Another option would have been to invoke Rule 54(b) *before* entering into the Stipulation.  This option would have worked had Dr. Perry wished to preserve her § 1981 claim against NHMA.  Rule 54(b) allows a plaintiff to seek and obtain final judgment on claims already defeated in an action with other claims still pending, as long as "there is no just reason for delay."  Fed. R. Civ. P. 54(b).  As a general matter, it is likely that a plaintiff would have little trouble making that showing where, as here, the nucleus of her multi-claim and multi-party suit has been destroyed and she is now faced with committing the time and expense of trying only one claim against only one defendant.

The existence of these procedural vehicles confirms that the purpose of Rule 41(a) is altogether different from that sought by the parties in this case.  And it confirms what the Rule's plain text says: a joint stipulation of voluntary dismissal may be used to dismiss only an "action" in its entirety.  Thus, the Stipulation, which purported to dismiss "Count III of the Fourth Amended Complaint . . . without prejudice," was invalid.  By stroke of sheer

9

good fortune for Dr. Perry,[3] the Stipulation did not divest the District Court of its jurisdiction.

III.

We accordingly reverse the District Court's decision.

**SO ORDERED.**

---

[3] Had Dr. Perry succeeded in her attempted dismissal, she might have fallen into the dreaded "finality trap." *See generally* Terry W. Schackmann & Barry L. Pickens, *The Finality Trap: Accidentally Losing Your Right to Appeal*, 58 J. Mo. B. 78 (2002). The finality trap happens when a district court disposes of some, but not all, claims on the merits, and the plaintiff then voluntarily dismisses the action without prejudice pursuant to Rule 41(a). A majority of circuits, including this Circuit, have held that when this occurs, the district court loses its jurisdiction to entertain a subsequent motion to enter final judgment on the previously disposed of claims. *See id.* at 83–84 (collecting cases). In turn, appellate review is permanently foreclosed because the dismissal of the action without prejudice is not a "final decision," and thus is not appealable under 28 U.S.C. § 1291, and there is no court left with jurisdiction to make the decision "final." *See Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 (5th Cir. 1978) (holding that voluntary dismissal is not a final decision under 28 U.S.C. § 1291, because a voluntary dismissal without prejudice is "a dismissal without an adjudication on the merits" and hence does "not amount to a termination of the litigation between the parties"). This Court has not decided whether our version of the finality rule applies in the particular circumstances presented by this case, and the parties respectively devote the majority of their briefs arguing for and against recognition of the finality trap in such circumstances. Because the Stipulation was invalid, the case never left the District Court's bosom. We thus have no occasion to reach that issue here.