18-1035-cv
*Mohamad v. Rajoub*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of April, two thousand nineteen.

PRESENT: ROBERT D. SACK,
     PETER W. HALL,
     CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

_____

Shahid Mohamad, Said Mohamad, Shahed Azzam Rahim, Mashud Rahim, Asid Mohamad, as representative of the Estate of Azzam Rahim, Asid Mohamad, Asia Rahim,

     *Plaintiffs-Appellants*,

     v.           No. 18-1035-cv

Jibril Rajoub,

     *Defendant-Appellee*.

_____

For Appellants:     MEIR KATZ (Robert J. Tolchin, *on the brief*), The Berkman Law Office, LLC, Brooklyn, NY

For Appellee:     JOHN A. BURLINGAME, (Mitchell R. Berger, Aaron W. Knights, *on the brief*), Squire Patton Boggs (US) LLP, Washington, D.C.; Gassan A. Baloul, Squire Patton Boggs (US) LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-Appellants Shahid Mohamad, Said Mohamad, Shahed Azzam Rahim, Mashud Rahim, Asid Mohamad, as representative of the Estate of Azzam Rahim, Asid Mohamad, and Asia Rahim appeal the district court's March 12, 2018, judgment and accompanying memorandum and order dismissing their claims against Defendant-Appellee Jibril Rajoub pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs challenge the district court's conclusion that the doctrine of *res judicata* bars the present action, based on Plaintiffs' assertion of virtually the same claims against Rajoub—including claims under the Alien Tort Statute, 28 U.S.C. § 1350, and the Torture Victim Protection Act, 106 Stat. 73, note following 28 U.S.C. § 1350—in an earlier action filed in 2005 in the United States District Court for the Southern District of New York, *Asid Mohamad, et al. v. Jibril Rajoub, et al.*, Case No. 1:05-cv-08335 (LAP) (S.D.N.Y. 2005) ("*Mohamad I*"). That 2005 action was transferred to the United States District Court for the District of Columbia, *Asid Mohamad, et al. v. Jibril Rajoub, et al.*, Case No. 08-01800 (RJL) (D.D.C. 2008), where Plaintiffs eventually voluntarily dismissed their claims against Rajoub with prejudice. As in *Mohamad I*, Plaintiffs allege in the instant suit that Rajoub, as head of the Palestinian Preventive Security Force and a high-ranking official with the Palestinian Authority, was responsible for the brutal torture and murder of their father and husband, Azzam Rahim, during Rahim's 1995 visit to the West Bank.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss, *Ricci v. Teamsters Union Local 456*, 781 F.3d 25, 26 (2d Cir. 2015) (*per curiam*), including a dismissal on *res judicata* grounds, *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018). "The doctrine of *res judicata*, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000)). *Res judicata* bars re-litigation if "1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same." *Id.* (internal quotation marks omitted). Plaintiffs acknowledge that the second and fourth requirements are satisfied but contest application of the first and third.

Because Plaintiffs voluntarily dismissed their claims against Rajoub in *Mohamad I* with prejudice and because "[a] voluntary dismissal with prejudice is an adjudication on the merits for purposes of *res judicata*," *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995), we easily conclude that the first factor is met, *see also Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 165–66 (2d Cir. 2014). Plaintiffs attempt to attack the validity of their earlier dismissal on the technical ground that Fed. R. Civ. P. 41(a)(1)(A)(i) did not permit them to dismiss their claims against some but not all defendants in *Mohamad I*, citing, *inter alia*, a recent Eleventh Circuit decision in *Perry v. Schumacher Grp. of La.*, 891 F.3d 954 (11th Cir. 2018). Plaintiffs concede that *Perry* did not establish new legal principles and that they did not raise this

argument before the district court. Indeed, Plaintiffs took the opposite position in their brief opposing Defendant's motion to dismiss in the district court. The argument is therefore forfeited on appeal. *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 662 (2d Cir. 2015).

Plaintiffs also argue that the third *res judicata* requirement was not met because the court in *Mohamad I* lacked personal jurisdiction over Rajoub, who is not domiciled in the United States and who was never served with process in the earlier action. This Court has recognized, however, that "a prior decision remains a bar to a future action even though it now appears that the court had no jurisdiction in the prior action." *Samuels v. N. Telecom, Inc.*, 942 F.2d 834, 837 (2d Cir. 1991) (quoting *Lambert v. Conrad*, 536 F.2d 1183, 1185 (7th Cir. 1976)). Notwithstanding Plaintiffs' creative arguments regarding the district court's alleged lack of authority to issue a final judgment in *Mohamad I*, it was Plaintiffs' own voluntary dismissal, that "took on heightened significance when" they decided "to dismiss with prejudice," *id.*, which precludes any subsequent suit based on the same causes of action. We are sympathetic to the fact that Plaintiffs did not anticipate relitigating claims against a defendant who, to their knowledge, did not appear in the United States until the recent events that prompted Plaintiffs to serve Rajoub with process and initiate the instant case. *Res judicata*, however, "may not be avoided on the basis of . . . an ill-considered decision to enter into an all-encompassing stipulation of withdrawal with prejudice," or, as here, a voluntary dismissal with prejudice. *Id.*

We also note that Plaintiffs' request that we decline to apply *res judicata* on equitable grounds is expressly foreclosed by well-established precedent. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981), *abrogated on other grounds by Rivet v. Regions Bank of La.*, 522 U.S. 470 (1988) ("The doctrine of res judicata serves vital public interests beyond any

4

individual judge's ad hoc determination of the equities in a particular case. There is simply no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*.") (internal quotation marks omitted).

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit. Because we affirm the district court's dismissal of the complaint, we decline to reach Rajoub's argument that dismissal was proper on the alternate basis that the district court could not lawfully exercise personal jurisdiction over him. We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court