[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11444

Non-Argument Calendar

_____

TRANSWORLD FOOD SERVICE, LLC,
a.k.a. Trans World Foods,
EMILIA FOODS, LLC,

                                                    Plaintiffs-Appellants,

*versus*

NATIONWIDE MUTUAL INSURANCE COMPANY,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:19-cv-03772-SDG

_____

Before BRANCH, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Upon review of the record and the response to the jurisdictional question, we conclude that we lack jurisdiction over this appeal. TransWorld Food Service, LLC ("TransWorld Foods") and Emilia Foods, LLC appeal the district court's March 2022 order granting in part and denying in part defendant Nationwide Mutual Insurance Company's ("Nationwide") motion for summary judgment; the district court's July 18, 2022 judgment; and the district court's March 2023 order denying their motion to alter or amend the judgment.

TransWorld Foods and Emilia Foods initially asserted 11 claims against Nationwide related to its denial of various insurance claims. In March 2022, the district court granted Nationwide summary judgment on counts 1, 2, 3, 4, 7, and 8. Following a trial, the jury rendered a verdict resolving counts 9 through 11. On August 4, 2022, after judgment was entered, the parties filed a joint stipulation of dismissal regarding the remaining two counts, counts 5 and 6. The district court took no action in response to the parties' joint stipulation.

The parties' joint stipulation of dismissal was invalid and did not serve to resolve the two remaining claims because it was an attempt to dismiss fewer than all of a party's claims against another

party. *See Rosell v. VMSB, LLC*, 67 F.4th 1141, 1143-44 (11th Cir. 2023) (holding that there was no final decision in the action because the parties' attempt to dismiss a single count under Federal Rule of Civil Procedure 41(a) was ineffective); *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) (holding that Rule 41(a)(1)(A) "may be used to dismiss only an 'action' in its entirety," and that a stipulation which purports to dismiss a single claim in an action is invalid); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) (recognizing an exception under Rule 41(a) that "allows a plaintiff to dismiss all of his claims against a particular defendant").

Additionally, while the parties' joint stipulation could be construed as a motion to amend the pleadings under Federal Rule of Civil Procedure 15, because the district court never took any action in response to it, the claims were not resolved. *See Klay*, 376 F.3d at 1106 (noting that an ineffective dismissal of claims under Rule 41(a) could be construed as a motion to amend the pleadings under Rule 15); Fed. R. Civ. P. 15(a)(2). Further, the district court did not certify its judgment or orders under Federal Rule of Civil Procedure 54(b). *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not final or immediately appealable absent certification by the district court pursuant to Rule 54(b)).

Therefore, the district court proceedings are not final, and we lack jurisdiction to consider this appeal. *See* 28 U.S.C. § 1291

4                     Opinion of the Court                    23-11444

(providing jurisdiction to review only "final decisions of the district courts"); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) ("A final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment.").

Accordingly, this appeal is DISMISSED for lack of jurisdiction.