[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13187

_____

ROY STEWART MOORE,

Plaintiff-Appellant,

*versus*

TIANA LOWE,
JERRY DUNLEAVY,
TIMOTHY CARNEY,
PHILLIP KLEIN,
BRAD POLUMBO, et al.,

Defendants-Appellees.

2                    Order of the Court                    22-13187

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-00124-CLM

_____

Before NEWSOM, BRANCH, and LUCK, Circuit Judges.

BY THE COURT:

This appeal is dismissed for lack of jurisdiction. By statute, Congress has limited our jurisdiction, at least as a general matter, to "final decisions of the district courts[.]" 28 U.S.C. § 1291. "To constitute a final decision, the district court's order generally must adjudicate all claims against all parties[.]" *Jenkins v. Prime Ins. Co.*, 32 F.4th 1343, 1345 (11th Cir. 2022) (quoting *Corsello v. Lincare, Inc.*, 276 F.3d 1229, 1230 (11th Cir. 2001)).

In this case, portions of two of Moore's claims—portions related to Counts I and II—survived the defendants' motion to dismiss. Without citing any specific source of authority, Moore (who was proceeding *pro se*) filed a pleading styled "Plaintiff's Voluntary Dismissal of Remaining Claims," in which he agreed to dismiss the remaining aspects of Counts I and II and asked the district court to enter final judgment. The district court construed Moore's motion as one filed pursuant to Federal Rule of Civil Procedure 41(a)(2), granted it, and directed the clerk to close the case.

The district court's reliance on Rule 41(a) was misplaced. We have explained that Rule 41(a) may be used to dismiss only

22-13187                    Order of the Court                    3

entire "action[s]," not individual claims.  *See, e.g.*, *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 957–58 (11th Cir. 2018).  Had the district court instead construed Moore's pleading as a motion to amend his complaint to abandon Counts I and II and invoked Federal Rule of Civil Procedure 15(a), it could have entered final judgment, and jurisdiction would have been proper here.  *See id.* (explaining that "Rule 15 was designed for situations like this"); *accord, e.g.*, *GEICO v. Glassco, Inc.*, 58 F.4th 1338, 1343 (11th Cir. 2023).

   **DISMISSED.**