[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10722

Non-Argument Calendar

_____

DENNIS MCDANIEL,

Plaintiff-Appellant,

*versus*

SOUTHERN CORRECTIONAL MEDICINE LLC,
d.b.a. Genesys Health Alliance,

Defendant-Appellee,

DR. PETER WROBEL, et al.,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:22-cv-00140-CAR

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

A dog bite followed by a nasty infection forced doctors to amputate Dennis McDaniel's left hand.  Blaming the loss of his hand on poor medical care during a stint in jail, McDaniel brought a deliberate-indifference lawsuit against Houston County and the Houston County sheriff, Cullen Talton.  The district court rejected McDaniel's claims after a motion for judgment on the pleadings. After careful consideration of McDaniel's arguments on appeal, we agree with the district court and affirm.

**I**

The story begins with a dog bite, and things get worse from there.  A large dog attacked Dennis McDaniel, leaving him with serious injuries to his left hand.  He had surgery on the hand, but a few days before a scheduled follow-up appointment, he was arrested and booked into Houston County, Georgia's jail.  Medical providers at the jail provided some treatment for the hand, which had developed an infection, but—even though the infection seemed to be quite serious and was not improving—McDaniel alleges that the treatment was far from adequate.  It became clear

that the hand needed surgery, and two weeks after that the jail released McDaniel. McDaniel promptly had the surgery, but it failed to resolve the damage; a few days later his dire condition forced doctors to amputate his left hand. This civil-rights suit followed.

## II

McDaniel's suit included both federal and state law claims. The defendants were Houston County, Cullen Talton (Houston County's Sheriff), and the company that provided health services at the jail (along with several of its employees). But only two of the parties and some of the claims are relevant here: First, McDaniel sued Talton, in both his individual and official capacities, for being deliberately indifferent to McDaniel's medical needs in violation of the Eighth and Fourteenth Amendments (and for Talton's role as a supervisor over others who were deliberately indifferent).[1] Second, McDaniel alleged that Houston County was liable for Talton's unconstitutional conduct.[2]

Eventually, the district court dismissed all of McDaniel's claims. First, the court granted a motion by the County and Talton

---

[1] McDaniel was a pretrial detainee, and "[t]echnically, the Fourteenth Amendment Due Process Clause, not the Eighth Amendment prohibition on cruel and unusual punishment, governs pretrial detainees." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). This makes no material difference here, though, because "the standards under the Fourteenth Amendment are identical to those under the Eighth." *Id.*

[2] McDaniel pleaded a claim against the county under Georgia law, but the district court dismissed that claim, and it is not part of this appeal.

for judgment on the pleadings.  The court concluded that Talton had qualified immunity as to the individual capacity federal-law claims, and that because Talton had acted as an arm of the state of Georgia, the remaining federal-law claims were barred by Eleventh Amendment immunity.  Later, McDaniel reached a settlement with the remaining parties and filed stipulations of dismissal for those parties.  McDaniel then appealed the district court's judgment in favor of Talton and the County, but we dismissed the appeal for lack of jurisdiction.  We held that, because the stipulations of dismissal were not signed by all parties as required by Rule 41(a)(1)(A)(ii), the stipulations were ineffective and, therefore, that the district court case still had active parties and there was no final order from which appeal might be taken.  McDaniel then sought and obtained from the district court a judgment and appealed again.  After we issued a jurisdictional question, McDaniel sought and obtained an amended judgment that more clearly described the terms underlying the stipulations of dismissal.

In this appeal, McDaniel attempts to revive his federal claims against Sheriff Talton and Houston County.[3]

---

[3] We review de novo a district court order granting judgment on the pleadings. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).  Judgment on the pleadings is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  *Id.*  Although our review is de novo, we accept all material facts in McDaniel's pleadings as true and view them in the light most favorable to him.  *See id.*  We review for abuse of discretion a district court's denial of leave to amend.  *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1275 (11th Cir. 2018).

### III

Before reaching the merits, we must assure ourselves of our jurisdiction. We generally have jurisdiction to review only "final decisions." 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). Here, the district court's order granting the County and Talton's motion for judgment on the pleadings was not a final decision because, at the time of the order, several other parties remained active in the case. Neither were the stipulated dismissals final orders because the dismissals were not "signed by all parties who have appeared," as required by Rule 41(a)(1)(A)(ii). But the district court's amended judgment *is* effective under Rule 41(a)(2) because the order incorporated in the judgment clearly sets forth the dismissal's terms, including the specific parties dismissed and that dismissal is with prejudice. *See Sanchez v. Disc. Rock & Sand*, 84 F.4th 1283, 1291–92 (11th Cir. 2023). Also, although Rule 41(a) generally does not permit "dismissal of a portion of a plaintiff's lawsuit," *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018), here the Rule 41(a)(2) dismissal encompassed all claims against the parties with which McDaniel reached a settlement. So, even though the stipulated dismissals did not include Talton or the County, the dismissals were still proper because "Rule 41(a) allows a district court to dismiss all claims against *a particular defendant*." *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 n.2 (11th Cir. 2023).

At last, the district court has disposed of all claims in McDaniel's lawsuit. All claims against Talton and the County have been dismissed because of the order granting the motion for judgment

on the pleadings. And all claims against the remaining defendants have also been dismissed because the amended judgment is effective under Rule 41(a)(2). Therefore, the district court's amended judgment has ended the litigation on the merits, disposing of all claims against all parties, leaving nothing for the district court to do but execute the judgment. *See CSX*, 235 F.3d at 1327. In other words, the amended judgment is a final judgment, and we may exercise jurisdiction.[4]

## IV

### A

Qualified immunity has two steps. First, "[a]n official who asserts entitlement to qualified immunity must first establish that she or he was acting within the scope of his discretionary authority." *Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018). Second, "[o]nce the official makes that showing, the burden shifts to the plaintiff to demonstrate that qualified immunity is inappropriate."

---

[4] McDaniel's failure to file a new, third notice of appeal after the district court entered its amended judgment does not defeat our jurisdiction. Under the doctrine of cumulative finality, appeals prematurely taken from an interlocutory order are permitted "if (but only if) the interlocutory order would have been appealable under Rule 54(b) and if final judgment was entered without filing a new notice of appeal." *Esteva v. UBS Fin. Servs. Inc. (In re Esteva)*, 60 F.4th 664, 673 (11th Cir. 2023). The district court's order granting judgment in favor of Talton and the County could have been certified under Rule 54(b) because it dismissed all claims against two defendants. And now, thanks to the amended judgment, the district court has entered a final judgment (and McDaniel has not filed a new notice of appeal). The cumulative finality doctrine, then, applies here.

*Id.* And once the burden shifts, the plaintiff must show both that the officer violated a constitutional right and that the right was clearly established. *Id.* "We may consider in any order whether the plaintiff has satisfied her burden." *Id.*

Talton is entitled to qualified immunity. He asserted that he was acting within his discretionary duties,[5] and McDaniel has not contested this. We proceed, then, to step two. The district court did not squarely consider the clearly-established prong, but we "may affirm on any ground supported by the record, regardless of whether that ground was relied upon or even considered below." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). Here, McDaniel barely even attempted to show that Talton violated a clearly established right. McDaniel argues that Talton and the County's district-court briefing had "no discussion of the . . . clearly established" prong and points out that his complaint recited that Talton "violated clearly established law." These arguments can't salvage McDaniel's suit. Possible shortcomings in Talton's briefing have little relevance: The burden is with *the plaintiff* to show a

---

[5] In his motion for judgment on the pleadings, Talton wrote that "Sheriff Chatman was clearly acting within his discretionary duties." As best we can tell, no person known as "Sheriff Chatman" has had any involvement in these proceedings whatsoever. In context, the sentence seemingly should have claimed that "Sheriff [Talton] was clearly acting within his discretionary duties." Given that context, the fact that the district court appeared to read this sentence as a claim about *Talton's* discretionary authority, and the fact that McDaniel does not dispute step one of the qualified-immunity analysis, we join the district court in understanding Talton to have done enough to carry his step-one burden.

clearly established right. *Alcocer*, 906 F.3d at 951. True, in this procedural posture, "we accept as true all material facts alleged in the non-moving party's pleading." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). But we accept only *facts* as true—not legal conclusions like McDaniel's "[t]hreadbare recital[]," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), of his obligations under the clearly-established prong. McDaniel did not carry his burden, and so the district court appropriately entered judgment on the pleadings in favor of Sheriff Talton.

## B

"Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued [or] when an 'arm of the State' is sued." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). If a defendant is "acting as an 'arm of the State,'" Eleventh Amendment immunity applies, even if the defendant did not happen to be "labeled a 'state officer' or 'state official.'" *Id.* We assess immunity with respect to "the particular function in which the defendant was engaged when taking the actions out of which liability is asserted to arise." *Id.* Our decision in *Manders* "established a single test to determine when an official or entity acts as an arm of the state." *Lake v. Skelton*, 840 F.3d 1334, 1337 (11th Cir. 2016). The test has "four factors: '(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity.'" *Id.* (quoting *Manders*, 338 F.3d at 1309).

Here, Sheriff Talton acted as an "arm of the State" with respect to his provision of medical care. In *Myrick v. Fulton County*, applying the *Manders* factors, we held that the Fulton County, Georgia sheriff "acted as an 'arm of the state' and is entitled to Eleventh Amendment immunity with respect to the particular function of providing medical care." 69 F.4th 1277, 1296 (11th Cir. 2023). Our decision in *Myrick* did not turn on any particular facts about the case or about Fulton County; instead, relying on Georgia state law setting out the relationship between county sheriffs and the state, we held that the first three *Manders* factors favored Eleventh Amendment immunity while the fourth did not "point in either direction." *See id.* at 1295–96. *Myrick*'s reasoning applies with equal force to the Houston County, Georgia sheriff. Indeed, McDaniel devotes almost the entirety of his reply brief to arguing that "*Myrick* was wrongly decided." Of course, only "a decision by this court sitting en banc or by the United States Supreme Court can overrule a prior panel decision." *United States v. Machado*, 804 F.2d 1537, 1543 (11th Cir. 1986).[6] Therefore, the district court correctly rejected McDaniel's official-capacity claim against Sheriff Talton.

Because Sheriff Talton acted as an arm of the state in providing medical care, it follows that Houston County is also not liable

---

[6] McDaniel does venture that *Myrick* "does not control" this case. He seems, though, to offer just one possible ground for distinguishing *Myrick*: that Houston County, specifically, receives "no insurance coverage" from the state and so the fourth *Manders* factor cuts against immunity. Because the other three factors still favor immunity, this argument—even if taken for all it's worth—does not change the outcome.

to McDaniel.  Local government entities can sometimes be subject to suit under § 1983.  *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978).  McDaniel, though, recognizes that "[i]f the sheriff is acting for the state when he provides medical care, then *Monell* liability cannot be imputed to the county."  Talton was acting as an arm of the state with respect to the provision of medical care.  So, just as the district court held, there is no liability for the county.

## C

Last, McDaniel appears to suggest that the district court should have permitted him to amend his complaint.  *See* Appellant's Br. at 16–17 (arguing that "it would not have been futile to allow Mr. McDaniel to further amend once additional facts became known through discovery").  But McDaniel has never properly sought to amend his complaint.  In his response to the County and Talton's motion for judgment on the pleadings, he argued, as he has on appeal, that it "would not be futile" to allow him to amend his complaint.  Yet "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."  *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) (alteration in original) (citation and quotation marks omitted).  Also, "[a] request for a court order must be made by motion" and "[t]he motion must be in writing unless made during a hearing or trial."  Fed. R. Civ. P. 7(b)(1). McDaniel has never made any such motion.  And "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never

filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  So, because McDaniel did not actually make a motion to amend his complaint that the district court could have denied, the district court is under no obligation to give leave to amend now.

## V

For the foregoing reasons, we hold as follows:  First, we have jurisdiction over this appeal.  Second, Talton is entitled to qualified immunity with respect to McDaniel's individual-capacity claims because McDaniel failed to carry his burden to show a violation of clearly established law.  Third, Talton acted as an arm of the state with respect to his provision of medical care; accordingly, McDaniel's official-capacity claims are barred by Eleventh Amendment immunity, and his claims against the county fall short.  And finally, the district court had no obligation to grant McDaniel leave to amend his complaint.

**AFFIRMED.**