[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11736

Non-Argument Calendar

_____

In re: SHIRLEY WHITE - LETT,

Debtor.

_____

SHIRLEY WHITE-LETT,

Plaintiff-Appellant,

*versus*

FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,
a.k.a. Fannie Mae,

Defendants,

2                    Opinion of the Court                    24-11736

NEWREZ, INC.,
THE BANK OF NEW YORK MELLON,
SHELLPOINT MORTGAGE SERVICING,
THE BANK OF NEW YORK MELLON CORPORATION,
RRA CP OPPORTUNITY TRUST 1,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:22-cv-00082-WMR,
Bkcy No. 1:10-bk-61451-BEM

_____

Before JORDAN, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Shirley White-Lett appeals from the district court's order affirming two bankruptcy court rulings in an adversary proceeding that she brought against The Bank of New York Mellon ("BONYM"); Bank of New York Mellon, Corporation ("BONYMC"); Bank of America ("BOA"); Federal National Mortgage Association ("Fannie Mae"); Federal Home Loan Mortgage Corporation ("Freddie Mac"); Mortgage Electronics Registration Systems, Inc. ("MERS"); MERSCORP Holdings, Inc. ("MERSCORP"); and RRA CP Opportunity Trust 1 ("RRA"). The

first appeal to the district court was from a bankruptcy court order that was certified as final under Fed. R. Civ. P. 54(b).  The second appeal to the district court was from a bankruptcy court order that dismissed White-Lett's claim against Freddie Mac, which was purportedly the last claim left pending in the case.

We asked the parties to address whether this appeal is taken from a final, appealable order.  BONYM, BONYMC, MERS, and MERSCORP respond that we have jurisdiction because the Rule 54(b) certification was proper and the second order appealed to the district court ended the litigation on the merits by dismissing White-Lett's final claim against Freddie Mac.  BOA moves to dismiss the appeal as moot, arguing that it is not a proper party because of a voluntary stipulation of dismissal as to all White-Lett's claims against BOA in the adversary proceeding.

First, we conclude that the bankruptcy court's order dismissing White-Lett's claim against Freddie Mac was not final because the earlier voluntary stipulation of dismissal was ineffective for two reasons.  First, the stipulation was signed by only White-Lett, BOA, BONYM, and BONYMC.  It was not signed by the other parties who had appeared in the adversary proceeding.  *See* Fed. R. Bankr. P. 7041; Fed. R. Civ. P. 41(a)(1)(A); *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023).  Second, the stipulation purported to dismiss less than an action.  *See Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) (providing that a plaintiff cannot stipulate to the dismissal of a portion of his lawsuit while leaving a different part of the lawsuit pending before

the trial court).  Specifically, the stipulation attempted to dismiss the remaining claims against BOA, BONYM, and BONYMC, but the other claims against those entities were resolved by earlier orders of the bankruptcy court.  Thus, the stipulation did not dismiss all claims against a particular defendant and was invalid for this reason too.  *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 n.2 (11th Cir. 2023) (noting that an "action" can refer to all claims against one party in a multi-defendant lawsuit).  And the bankruptcy court's order entered after the stipulation was ineffective under Rule 41(a)(2) for the same reason.  *See Rosell*, 67 F.4th at 1144 n.2.

Thus, White-Lett's claims alleging a violation of the discharge injunction against BOA and BONYM remain pending in the bankruptcy court, and there is no final decision from which to appeal.  *See Lockwood v. Snookies, Inc. (In re F.D.R. Hickory House, Inc.)*, 60 F.3d 724, 725 (11th Cir. 1995) (holding that we generally lack jurisdiction to consider appeals from a district court's review of interlocutory bankruptcy decisions); *Dzikowski v. Boomer's Sports & Recreation Ctr., Inc. (In re Boca Arena, Inc.)*, 184 F.3d 1285, 1286 (11th Cir. 1999) (noting that a bankruptcy order that disposes of fewer than all claims against all parties in an adversary proceeding is not final or immediately appealable unless the bankruptcy court certifies the order for immediate review pursuant to Fed. R. Bankr. P. 7054).

Next, we conclude that the bankruptcy court did not properly certify its orders for immediate review under Rule 54(b).

24-11736              Opinion of the Court                    5

As a preliminary matter, the bankruptcy court did not provide any reasoning or explanation for its conclusion that there was no just reason for delay. *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166-67 (11th Cir. 1997). We therefore accord no deference to the bankruptcy court's certification and assess whether any obvious reasons support the certification. *See id.*; *see also Scott v. Advanced Pharm. Consultants, Inc.*, 84 F.4th 952, 962 (11th Cir. 2023) ("The district court's analysis does no more than recite the legal standard and offer the conclusion that it has been met. . . . This alone offers sufficient reason to find the Rule 54(b) certification improper.").

We do not find any such obvious reasons, and the "special circumstances" we have identified as warranting departure from the federal policy against piecemeal appeals are not present. *See Peden v. Stephens*, 50 F.4th 972, 978-79 (11th Cir. 2022); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021); *Ebrahimi*, 114 F.3d at 168. While this action involves multiple defendants, which is a factor that may weigh in favor of a Rule 54(b) certification, most of White-Lett's claims were resolved by the time the certification was entered. *See Doe #1*, 21 F.4th at 722-23. As a result, the record does not suggest that there is substantial discovery to be had in the case. *See id.* Further, the parties have not identified any potential hardship or injustice associated with delaying appellate review until final resolution of the action. *See Ebrahimi*, 114 F.3d at 165-67 (explaining that Rule 54(b) should be limited to instances in which immediate appeal would alleviate some particular danger of hardship or injustice associated with delay and emphasizing that courts must

balance judicial administrative interests with relevant equitable concerns).  This simply is not the unusual case in which the litigants' needs outweigh the costs and risks of multiplying the proceedings.  *See Ebrahimi*, 114 F.3d at 166 (stating that Rule 54(b) certifications are reserved for the unusual case in which the litigants' needs outweigh the costs and risks of multiplying the proceedings and overcrowding the appellate docket).

Accordingly, this appeal is DISMISSED for lack of jurisdiction.  All pending motions are denied as MOOT.