Montanino v New York City Dept. of Sanitation (2025 NY Slip Op 03320)

Montanino v New York City Dept. of Sanitation

2025 NY Slip Op 03320

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-09750
 (Index No. 522720/19)

[*1]Daniel Montanino, appellant, 
v
New York City Department of Sanitation, et al., respondents, et al., defendants.

Steven & Traub, PLLC, Elmsford, NY (Peter Pearson Traub, Jr., of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Geoffrey E. Curfman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated October 5, 2023. The order granted the motion of the defendants New York City Department of Sanitation and City of New York pursuant to CPLR 3211(a)(7) and 47 USC § 230 to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for defamation against the defendants New York City Department of Sanitation (hereinafter DSNY), City of New York, Michael Femia, Robert Bass, and "'JOHN DOE', Name Being Fictitious," in October 2019. The complaint alleged, inter alia, that, on April 23, 2019, at 9:08 p.m., John Doe, an "operational level employee" of DSNY, anonymously posted a statement on DSNY's "internal communication network" that the plaintiff leaked answers to a civil service examination (hereinafter the statement). The complaint further alleged that, thereafter, the statement was read aloud to shift workers throughout the City and posted on message bulletin boards maintained at DSNY garages and transfer stations throughout the City. The complaint also alleged that the statement was patently and obviously false, slanderous per se, libelous per se, and malicious. DSNY and the City (hereinafter together the City defendants) interposed an answer and, thereafter, moved pursuant to CPLR 3211(a)(7) and 47 USC § 230, known as the Communications Decency Act (hereinafter the CDA), to dismiss the complaint insofar as asserted against them. The City defendants argued, inter alia, that they were immune from liability by virtue of the protection afforded by the CDA, which provides immunity from liability to interactive computer services under certain circumstances. The plaintiff opposed the City defendants' motion, but conceded that DSNY's internal communication network met the definition of an interactive computer service. In an order dated October 5, 2023, the Supreme Court granted the City defendants' motion. The plaintiff appeals.
Although the City defendants' immunity pursuant to the CDA was not pleaded as an affirmative defense, "'it can still support a motion to dismiss if the statute's barrier to suit is evident [*2]from the face of the complaint'" (Ricci v Teamsters Union Local 456, 781 F3d 25, 28 [2d Cir], quoting Klayman v Zuckerberg, 753 F3d 1354, 1357 [DC Cir]; see Word of God Fellowship, Inc. v Vimeo, Inc., 205 AD3d 23, 26). Here, the City defendants' immunity pursuant to the CDA was evident from the face of the complaint (see Word of God Fellowship, Inc. v Vimeo, Inc., 205 AD3d at 26). Pursuant to the CDA, a defendant is "immune from state law liability if (1) it is a 'provider or user of an interactive computer service'; (2) the complaint seeks to hold the defendant liable as a 'publisher or speaker'; and (3) the action is based on 'information provided by another information content provider'" (Trump Vil. Section 4, Inc. v Bezvoleva, 161 AD3d 916, 918-919 [internal quotation marks omitted], quoting Shiamili v Real Estate Group of N.Y., Inc., 17 NY3d 281, 286-287; see Herrick v Grindr, LLC, 306 F Supp 3d 579, 588 [SD NY], affd 765 Fed Appx 586 [2d Cir]). "'[I]f a defendant service provider is itself the "content provider," it is not shielded from liability'" (Trump Vil. Section 4, Inc. v Bezvoleva, 161 AD3d at 919, quoting Shiamili v Real Estate Group of N.Y., Inc., 17 NY3d at 289).
The Supreme Court properly granted that branch of the City defendants' motion which was pursuant to the CDA to dismiss so much of the defamation cause of action as was premised upon the statement insofar as asserted against them. The complaint alleged that the City defendants provided the internal communication network on which John Doe posted the statement and that the City defendants acted as a publisher when they failed to withdraw the statement from DSNY's message bulletin boards (see Shiamili v Real Estate Group of N.Y., Inc., 17 NY3d at 288). Further, the complaint alleged that the statement was provided by "another information content provider" (47 USC § 230[c][1]), since the complaint alleged that John Doe, as an individual, posted the statement on DSNY's internal communication network (see Shiamili v Real Estate Group of N.Y., Inc., 17 AD3d at 288; Miller v Federal Exp. Corp., 6 NE3d 1006, 1009-1010 [Indiana Ct App]). There is no allegation that the City defendants authored the statement (see Shiamili v Real Estate Group of N.Y., Inc., 17 NY3d at 290) or that the individual defendants were acting within the scope of their employment.
Moreover, the Supreme Court properly, in effect, directed dismissal of so much of the defamation cause of action as alleged acts occurring after April 23, 2019, at 9:08 p.m., insofar as asserted against the City defendants since the plaintiff failed to comply with the pleading requirements of CPLR 3016(a). The elements of a cause of action to recover damages for defamation are "(a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Greenberg v Spitzer, 155 AD3d 27, 41). CPLR 3016(a) requires that, "[i]n an action for libel or slander, the particular words complained of shall be set forth in the complaint." The complaint "must also allege the time when, place where, and manner in which the false statement was made, and specify to whom it was made" (Epifani v Johnson, 65 AD3d 224, 233; see Offor v Mercy Med. Ctr., 171 AD3d 502, 503). Here, the plaintiff failed to identify who read aloud the statement to shift workers, who posted the statement on the message bulletin boards, and to whom the statement was made (see Nofal v Yousef, 228 AD3d 772, 774; Sternberg v Wiederman, 225 AD3d 820, 822; Kimso Apts., LLC v Rivera, 180 AD3d 1033, 1034-1035; Starr v Akdeniz, 162 AD3d 948, 950; CSI Group, LLP v Harper, 153 AD3d 1314, 1320; Raymond v Marchand, 125 AD3d 835, 836).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court