[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11325

_____

ISRAEL ROSELL and ROBERTO GONZALEZ,
for themselves and on behalf of those similarly situated,

Plaintiffs-Appellants,

*versus*

VMSB, LLC,
a Florida Limited Liability Company
d.b.a. Gianni's,
d.b.a. CASA CASUARINA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-20857-KMW

_____

Before JILL PRYOR, GRANT, and HULL, Circuit Judges.

GRANT, Circuit Judge:

Today we make explicit what our precedent has implied for almost two decades: Federal Rule of Civil Procedure 41(a)(2) provides only for the dismissal of an entire action. Any attempt to use this rule to dismiss a single claim, or anything less than the entire action, will be invalid—just like it would be under Rule 41(a)(1). Because the parties here attempted to use Rule 41(a) to dismiss a single count and not an entire lawsuit, a final judgment was never rendered. We thus lack jurisdiction to hear this appeal, so we dismiss it.

**I.**

Israel Rosell and Roberto Gonzalez were employees of VMSB's restaurant. They argue that VMSB failed to meet its minimum wage and overtime pay obligations under the Fair Labor Standards Act and comparable Florida laws. Specifically, they say that a "service charge" collected from customers and divided among staff was in fact a tip that should not have counted as part of their regular rate of pay. And they claim that VMSB is estopped from asserting that the service charge is not a tip because of statements made in its tax returns. This posture parallels an

argument we previously considered—and rejected—in *Compere v. Nusret Miami, LLC*, 28 F.4th 1180, 1181–82, 1187 (11th Cir. 2022).

Rosell and Gonzalez's complaint alleged three counts, and both sides filed cross-motions for summary judgment. In 2021, a magistrate judge recommended granting partial summary judgment for VMSB on Counts I and II (the federal and state minimum wage claims) and denying summary judgment to both sides on Count III (the federal overtime claim). While the district court was considering the magistrate judge's report and recommendation, the parties settled Count III. Without opposition, the plaintiffs moved the district court to approve the settlement and to "direct the clerk to dismiss Count III" with prejudice.

The district court ultimately adopted the magistrate judge's report and recommendation and entered judgment for VMSB on Counts I and II. The next day, it issued an order scrutinizing the settlement, as our precedent requires in certain Fair Labor Standards Act cases. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The district court's order approved the settlement and closed the case—but it also directed the parties to "file a joint stipulation of dismissal of Count 3 with prejudice" within 30 days and added that the "stipulation shall be self-executing upon its filing." Rosell and Gonzalez then filed a notice of appeal regarding Counts I and II.

## II.

We have a sua sponte obligation to consider our subject matter jurisdiction, which we review de novo. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 408–10 (11th Cir. 1999).

## III.

Federal Rule of Civil Procedure 41 governs the "Dismissal of Actions" in general, and Rule 41(a) outlines the procedure for voluntary dismissals at the parties' request. Rule 41(a)(1) explains how a plaintiff can dismiss an "action" without a court order, and Rule 41(a)(2) specifies when an "action" can be dismissed at plaintiff's request by court order. Here, neither the court nor any party explained which subsection of Rule 41(a) authorized the dismissal.[1] But we need not decide how to classify it, because the dismissal was procedurally improper either way.

---

[1] At oral argument, VMSB conceded that the dismissal of Count III was an attempted voluntary dismissal under Federal Rule of Civil Procedure 41(a), without specifying whether it was a Rule 41(a)(1) or 41(a)(2) dismissal. Rosell and Gonzalez responded that because the district court cited *Lynn's Food Stores* when scrutinizing the settlement for fairness, it exercised its "inherent authority" to dismiss the case. Our Circuit and the Supreme Court have recognized a court's inherent authority to dismiss sua sponte for lack of prosecution. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). But Rosell and Gonzalez cited no authority for a broader inherent power. Instead, district courts have interpreted dismissals involving *Lynn's Food Stores* as Rule 41(a)(2) dismissals. *See, e.g.*, *Padilla v. Smith*, 53 F.4th 1303, 1308 & n.8 (11th Cir. 2022).

Rule 41(a)(1) cannot be used to create appellate jurisdiction over a partial grant of summary judgment. As "the Rule's plain text says: a joint stipulation of voluntary dismissal may be used to dismiss only an 'action' in its entirety." *Perry v. Schumacher Grp. of Louisiana*, 891 F.3d 954, 958 (11th Cir. 2018). We recently reemphasized our *Perry* holding, noting that "Rule 41(a) does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." *In re Esteva*, 60 F.4th 664, 677 (11th Cir. 2023) (quotation omitted). Our precedent has been consistent on this point for almost two decades. *See, e.g.*, *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); *Campbell v. Altec Indus., Inc.*, 605 F.3d 839, 841 n.1 (11th Cir. 2010).

These same conclusions apply to Rule 41(a)(2). To start, *Esteva* discussed Rule 41(a) in general, not just Rule 41(a)(1). *See Esteva*, 60 F.4th at 677. And the word "action" is used identically in both Rules 41(a)(1) and 41(a)(2). So we now make explicit what *Esteva* at a minimum implied—a Rule 41(a)(2) dismissal can only be for an entire action, and not an individual claim.[2]

---

[2] Our Circuit has recognized that Rule 41(a) allows a district court to dismiss all claims against *a particular defendant*. *See Klay*, 376 F.3d at 1106; *Esteva*, 60 F.4th at 677. But that exception (if it can be called that) is compatible with the rule's text because in a multi-defendant lawsuit, an "action" can refer to all the claims against one party. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 & n.14 (4th ed. 2023 update). No one argues that the exception applies here, and it obviously could not in this single-defendant case.

Here, because the parties attempted to dismiss one count rather than the entire action, no part of Rule 41(a) authorized the dismissal. And because the dismissal was ineffective, Count III is still pending before the district court. That means we have no final decision to review. *See* 28 U.S.C. § 1291. Our "cases make clear that a voluntary dismissal purporting to dismiss a single claim is invalid, even if all other claims in the action have already been resolved." *Esteva*, 60 F.4th at 677–78. The lower court "still must address or otherwise dispose of" the claim in some manner. *Id*. at 678.

Does this rule create procedural oddities? Not if parties plan around it. Litigants who wish to dismiss, settle, or otherwise resolve less than an entire action can ensure that they receive a final judgment on the remainder of their claims—which means that we have appellate jurisdiction—by seeking partial final judgment under Rule 54(b) from the district court, or by amending their complaints under Rule 15. *Perry*, 891 F.3d at 958.

★    ★    ★

We **DISMISS** the appeal for lack of jurisdiction.