[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-12611

————————————————

TAMARA BAINES,

Plaintiff-Appellant,

*versus*

CITY OF ATLANTA, GEORGIA,
ROBIN SHAHAR,
in her Individual Capacity,

Defendants-Appellees,

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-00279-TWT

_____

Before WILSON, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Appellant Tamara Baines appeals the summary judgment order rejecting her claims against the City of Atlanta and Robin Shahar. Although the district court granted the city and Shahar summary judgment on most of Baines's claims, it left one claim pending against the city. Because the proceedings in the district court are not final, we conclude that we lack jurisdiction and dismiss the appeal.

I.

In this action, Baines, a former city employee, raised several employment-related claims. She brought a claim for sexual harassment and gender discrimination under 42 U.S.C. § 1983 against both the city and Shahar. She also brought other claims against the city under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Family and Medical Leave Act ("FMLA"). The district court granted summary judgment to the city and Shahar on all of Baines's claims except for an FMLA interference claim in which she alleged that the city required her to work while on FMLA leave.

After the district court entered the summary judgment order, Baines filed a motion seeking the entry of a partial final judgment on the claims dismissed on summary judgment so that she could immediately appeal. *See* Fed. R. Civ. P. 54(b) (permitting a

district court to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay"). Baines also requested that the district court stay any further litigation of the FMLA interference claim until her appeal of the summary judgment order was completed. The district court denied Baines's request for a partial final judgment and a stay, noting that the case had "already been pending for more than three years" and "[a]llowing a piece-meal appeal could delay final resolution of the case in [the district court] by years." Doc. 326 at 1.[1]

Baines and the city then prepared to try the FMLA interference claim. The district court set a trial date and held a pretrial conference. Less than a week before trial, Baines and the city filed a notice informing the court that "the FMLA interference claim . . . was resolved . . . subject to Atlanta City Council and Mayor approval." Doc. 344 at 1. The city agreed to pay an undisclosed sum of money to resolve the FMLA interference claim.

A few days later, the district court entered a short order stating that "[a]ll of [Baines's] claims have been resolved." Doc. 345 at 1. The court also directed the clerk to "enter a final judgment in favor of the Defendants and against the Plaintiff as to all claims except the FMLA interference claim that was settled." *Id.* The clerk then entered a judgment. A few days later Baines filed a notice of

---

[1] "Doc." numbers refer to the district court's docket entries.

appeal. It was not until a few weeks later that the city council reviewed and approved the settlement agreement.

While the appeal was pending, we issued jurisdictional questions asking the parties to address whether the proceedings in the district court were final. Baines and the City then filed in the district court a "Joint Stipulation of Dismissal with Prejudice" that purported to be made pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Doc. 353-1 at 1. In the filing, Baines and the city "stipulate[d] that [Baines's] FMLA interference claim arising out of her allegation that she was required to perform work while on approved FMLA leave . . . is dismissed[] with prejudice." Doc. 353-1 at 1. Baines and the city signed the stipulation; Shahar did not.

## II.

We have a threshold obligation to ensure that we have jurisdiction to hear this appeal because "without jurisdiction we cannot proceed at all in any cause." *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1227 (11th Cir. 2020) (alterations adopted) (internal quotation marks omitted). "Because we are a court of limited jurisdiction, adjudicating an appeal without jurisdiction would offend fundamental principles of separation of powers." *Id.* (alteration adopted) (internal quotation marks omitted).

We have jurisdiction over "appeals from all final decisions of the district courts." 28 U.S.C. § 1291. "A final decision is one by which a district court disassociates itself from a case." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 408 (2015) (internal quotation marks omitted). "A final decision is typically one that ends the

litigation on the merits and leaves nothing for the court to do but execute its judgment." *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (internal quotation marks omitted). An order that disposes of fewer than all claims against all parties to an action generally is not appealable unless the district court enters a partial final judgment under Federal Rule of Civil Procedure 54(b). *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012).

To begin, the district court's summary judgment order was plainly not a final order. It did not dispose of all the claims because Baines's FMLA interference claim remained pending. And although Baines sought entry of a partial final judgment under Rule 54(b) so that she could appeal the summary judgment order, the district court denied her request.

Even though the district court's summary judgment order was not a final order, we still may have jurisdiction if the district court issued "a series of court orders, considered together" that "effectively terminate[d] the litigation." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). For this standard to be satisfied, the district court had to have disposed of Baines's FMLA interference claim. We thus consider whether the district court disposed of this claim when (1) it entered an order stating that all claims had been resolved and directing the clerk to enter a judgment or (2) Baines and the city filed the joint stipulation purporting to dismiss the claim.

Our analysis of these issues turns on two provisions of Federal Rule of Civil Procedure 41(a). Rule 41(a)(2) authorizes a district court to enter a court order "dismiss[ing] an action . . . at the plaintiff's request." Fed. R. Civ. P. 41(a)(2). And Rule 41(a)(1)(A)(ii) permits a plaintiff to "dismiss an action" by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). After considering these provisions, we conclude that neither the district court's order nor the stipulation disposed of the FMLA interference claim.

The district court's order, which stated that all claims had been resolved and directed the clerk to the enter a judgment in favor of the city and Shahar on the claims covered by the summary judgment order, did not dispose of the FMLA interference claim. Even if the district court implicitly intended for this order to dismiss the FMLA interference claim, the district court lacked authority under Rule 41(a)(2) to dismiss the claim.[2] As we recently explained,

---

[2] Although the district court's order did not expressly mention Rule 41, we construe its order as purporting to dismiss the claim under Rule 41(a)(2). *See Rosell v. VMSB, LLC*, 67 F.4th 1141, 1143 & n.1 (11th Cir. 2023).

We briefly explain why we do not treat the district court's order as dismissing the FMLA interference claim for lack of subject matter jurisdiction. It is true that a settlement between the parties may render a claim moot. *See Yunker v. Allianceone Receivables Mgmt., Inc.*, 701 F.3d 369, 372 (11th Cir. 2012). But when the district court entered this order, Baines and the city had reached only a *tentative* settlement agreement; it was not final because it still had to be reviewed and approved by the city council and the mayor. Because it remained possible that the city might reject the settlement offer, the FMLA interference

22-12611                Opinion of the Court                7

"Rule 41(a)(2) specifies when an 'a*ction*' can be dismissed at plaintiff's request by court order." *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1143 (11th Cir. 2023) (emphasis added). When a plaintiff brings multiple claims against a party, Rule 41(a)(2) does not authorize the district court to dismiss just "one count rather than the entire action." *Id.* at 1144. Because Baines brought multiple claims against the city, the district court lacked authority under Rule 41(a)(2) to dismiss only a single claim. We thus conclude that the district court's order did not dismiss the FMLA interference claim. *See id.*

We now consider whether the joint stipulation of dismissal filed by Baines and the city disposed of the FMLA interference claim. On its face, the stipulation purported to dismiss this claim. But our precedent compels us to conclude that the stipulation was invalid and did not dispose of the claim. As we have explained, "a voluntary dismissal purporting to dismiss a single claim" under Rule 41(a)(1)(A) "is invalid, even if all other claims in the action have already been resolved." *In re Esteva*, 60 F.4th 664, 677–78 (11th Cir. 2023).

The stipulation was invalid under Rule 41(a)(1)(A) for another reason, too: it was not signed by all the parties. To be effective under Rule 41(a)(1)(A), a stipulation must be signed by all

---

claim was not moot when the district court's order was entered. *See Smith v. Owens*, 848 F.3d 975, 978 & n.5 (11th Cir. 2017) (holding that rejected settlement offer did not moot claim); *see also* 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3533.2 (4th ed. April 2023 update) (recognizing that a "tentative settlement" does not moot a claim). We thus do not construe the district court's order as a dismissal based on mootness.

parties that appeared at any point in the action. *See City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, No. 22-12419, __ F. 4th __, 2023 WL 5944193, at *3–4 (11th Cir. Sept. 13, 2023).[3] Because the stipulation was not signed by Shahar, a party who had appeared in the action, it was ineffective. Thus, the parties' joint stipulation did not dispose of the FMLA interference claim.

After careful consideration, we conclude that the FMLA interference claim "remain[s] pending before the district court." *Id.* at *1. As a result, "there has not been a final judgment below, and we lack jurisdiction to consider the merits of this appeal." *Id.* Accordingly, we dismiss the appeal.

We note that nothing in our decision forecloses Baines, on remand, from seeking leave under Federal Rule of Civil Procedure 15 to amend her complaint to drop the FMLA interference claim in light of the parties' settlement or the district court from dismissing the FMLA interference claim under Federal Rule of Civil Procedure 12 if appropriate. *See Rosell*, 67 F.4th at 1144.

**DISMISSED.**

---

[3] Baines suggests that we construe the joint stipulation as a motion to amend the complaint under Federal Rule of Civil Procedure 15. Because nothing in the stipulation suggested that Baines was seeking leave to amend the complaint, we decline to construe the joint stipulation as a motion to amend.