[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13261

Non-Argument Calendar

_____

KEITH EDWARDS,
as Administrator of the Estate of
Jerry Blasingame,

                                                    Plaintiff-Appellee,

*versus*

J. GRUBBS,

                                                    Defendant-Appellant,

ATLANTA POLICE DEPT., et al.,

2                    Opinion of the Court                    22-13261

                                                    Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-02047-SCJ

_____


_____

No. 23-11427

Non-Argument Calendar

_____


KEITH EDWARDS,
as Administrator of the Estate of
Jerry Blasingame,

                                        Plaintiff-Appellant,

*versus*

OFFICER J. GRUBBS,
#6416,
THE CITY OF ATLANTA,

                                        Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-02047-SCJ

———————————

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

This case arises from an incident between Defendant Officer J. Grubbs and Jerry Blasingame, in which Grubbs tased Blasingame and caused him serious physical injuries. Plaintiff Keith Edwards, Blasingame's guardian and conservator, brought suit against Grubbs and the City of Atlanta consisting of three claims: Count I is a 42 U.S.C. § 1983 claim against Grubbs and the City; Count II is an assault and battery claim against Grubbs; and Count III is a respondeat superior claim against the City.[1] Count III was resolved at summary judgment, and the district court issued an order recognizing the parties' stipulation to voluntarily dismiss Count II under Federal Rule of Civil Procedure 41. The court issued a split decision on Count I, with Edwards prevailing in his claim against Grubbs, but losing his claim against the City. Grubbs and Edwards appeal these respective judgments.

———————————

[1] Edwards also brought suit against the Atlanta Police Department, which was later dismissed as a defendant.

We do not have jurisdiction over this appeal, however, because there is no final judgment. Final judgment generally requires that the district court resolve "conclusively the substance of all claims, rights, and liabilities of all parties to an action." *Sanchez v. Disc. Rock & Sand, Inc.*, 84 F.4th 1283, 1291 (11th Cir. 2023) (emphasis omitted) (quotation omitted). And Rule 41 "provides only for the dismissal of an entire action," not a single claim. *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1143 (11th Cir. 2023). So the district court's Rule 41 dismissal of only Count II is invalid, and "a final judgment was never rendered." *Id.* We **DISMISS** Grubbs's and Edwards's appeals for lack of jurisdiction.