[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12657

Non-Argument Calendar

_____

HYUNDAI MOTOR AMERICAN CORPORATION,
a foreign corporation,

Plaintiff-Third Party Defendant
Counter Defendant-Appellant,

_versus_

NORTH AMERICAN AUTOMOTIVE SERVICES, INC.,
an Illinois Corporation, et al.,

Defendants,

EFN WEST PALM MOTOR SALES, LLC,
an Illinois Limited Liability Company,
GENE KHAYTIN,

2                    Opinion of the Court                    23-12657

ERNIE REVUELTA,
EDWARD W. NAPLETON,
GEOVANNY PELAYO,
individuals, et al.,

                                    Defendants-Counter Claimants
                                    Third Party Plaintiffs-Appellees,

HYUNDAI MOTOR COMPANY,

                              Third Party Defendant-Counter Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-82102-WM

_____

Before WILSON, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Upon our review of the record and the parties' response to the jurisdictional question, this appeal is DISMISSED for lack of jurisdiction.

EFN West Palm Motor Sales, LLC's stipulations of voluntary dismissal of its fourth, fifth, sixth, seventh, and eighth

counterclaims against Hyundai Motor American Corporation, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), were invalid because that Rule generally does not permit dismissal of only particular claims or counterclaims within an action. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii), 41(c); *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023); *Esteva v. UBS Fin. Servs. Inc. (In re Esteva)*, 60 F.4th 664, 675 (11th Cir. 2023); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). The district court's subsequent orders adjudging those counterclaims dismissed pursuant to the stipulations were also ineffective to dismiss the counterclaims under Rule 41(a)(2). *See Rosell*, 67 F.4th at 1144.

We decline to construe the stipulations as seeking amendment under Fed. R. Civ. P. 15 or as abandonment of the counterclaims. The filings were labeled as stipulations of dismissal and expressly invoked Rule 41(a)(1)(A)(ii), and the district court's orders recognizing them explicitly accepted them as stipulations and contemplated dismissal under Rule 41. And unlike Hyundai's explicit withdrawal, at trial, of one of its claims and the district court's express recognition that the claim was abandoned, the parties have not pointed to anything in the record mentioning withdrawal or abandonment, at any time, of any counterclaim.

Accordingly, the counterclaims have not been resolved and remain pending before the district court, so we lack jurisdiction over this appeal. *See* 28 U.S.C. § 1291; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012).