[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12917

Non-Argument Calendar

_____

EUROBOOR BV, et al.,

                                        Plaintiffs-Counter Defendants,

ALBERT KOSTER,
EUROBOOR FZC,

                                        Plaintiffs-Counter Defendants
                                                        Appellants,

*versus*

ELENA GRAFOVA,

                                        Defendant-Counter Claimant
                                                        Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:17-cv-02157-KOB

_____

Before WILSON, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Albert Koster and Euroboor FZC appeal from the district court's amended final judgment in favor of the defendant. However, the appeal is not final because all of the claims were not resolved in the district court.

Rule 41(a) permits a plaintiff to voluntarily dismiss an "action" by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). Here, the Rule 41(a) stipulation was ineffective because it did not dismiss the entire action. *See Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018). It did not dismiss all claims or all counterclaims, and counterclaim count 4 remained pending. *See id.* (noting that a plaintiff cannot stipulate to dismissal of a portion of his lawsuit while leaving a different part of the lawsuit pending before the trial court). While Rule 41(a) also permits a plaintiff (or counter-plaintiff) to dismiss all of his claims against a particular defendant (or counter-defendant), the stipulation did not do that either. *See Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 n.2 (11th Cir. 2023); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). It purported

to dismiss only some of the plaintiffs' claims against Grafova and only some of Grafova's counterclaims against two plaintiffs. *See Klay*, 376 F.3d at 1106 (noting that Rule 41 does not permit plaintiffs to pick and choose, dismissing only particular claims within an action); *Rosell*, 67 F.4th at 1143-44 (holding that there was no final decision in the action because the parties' attempt to dismiss a single count under Rule 41(a) was ineffective). Therefore, the stipulation was invalid, and the district court could not cure that failure by entering an order under Rule 41(a)(2) that similarly purported to dismiss fewer than all the claims against one or more parties. *See Rosell*, 67 F.4th at 1144 & n.2; *Sanchez*, 84 F.4th at 1292-93.

Accordingly, there is not a final judgment, and this appeal is DISMISSED for lack of jurisdiction. All pending motions are denied as MOOT.