[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10474

Non-Argument Calendar

_____

DAVID BEAR,

Plaintiff-Appellee,

*versus*

DOUGLAS B. UNDERHILL,

Defendant-Appellant,

ESCAMBIA COUNTY BOARD OF COUNTY
COMMISSIONERS, et al.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:19-cv-04424-MCR-HTC

_____

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Upon review of the record and the parties' responses to the jurisdictional question, this appeal is DISMISSED for lack of jurisdiction.

The parties' July 12, 2022 stipulation of dismissal of Count V of the amended complaint was invalid under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) because that Rule permits dismissal only of "an entire action," and not particular claims. *See Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023). The district court's March 25, 2023 ruling that Count V was moot, pursuant to the defective July 12, 2022 stipulation, was thus also ineffective to resolve Count V. *See id.*

Although we have recognized that a plaintiff may dismiss all claims against a particular defendant under Rule 41(a), *see id.*, the stipulation did not resolve all claims asserted against either Douglas Underhill or the Escambia County Board of County Commissioners. Further, we decline to construe the stipulation as an attempt to abandon Count V, as the stipulation expressly invoked Rule

24-10474                Opinion of the Court                3

41(a)(1)(A)(ii) and was not styled in any way as an abandonment of Count V.

Accordingly, Count V has not been resolved and remains pending before the district court. We thus lack jurisdiction to consider this appeal. *See* 28 U.S.C. § 1291; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012).