**FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13766
Non-Argument Calendar

————————————

CMYK ENTERPRISES, INC.,

*Plaintiff-Cross-Defendant-Counter Defendant-Appellant,*

*versus*

ADVANCED PRINT TECHNOLOGIES, LLC,
FRANK FRUCIANO,

*Defendants-Counter Claimants-Appellees,*

ACCESSGROUP INTERNATIONAL, LLC,

*Defendant-Cross Claimant-Counter Claimant-Appellee,*

CLYDE B. TILLMAN,

*Defendant.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-01132-LMM

————————————

Before GRANT, LAGOA, and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

Whether we have jurisdiction over this appeal turns on how Rules 41(a) and 54(b) of the Federal Rules of Civil Procedure interact. Specifically, when a district court grants summary judgment on some—but not all—claims and does not certify that decision as final under Rule 54(b), may the parties move under Rule 41(a) for the dismissal of the remaining claims?

They may not. Rule 54(b) provides that, absent a specific determination that "there is no just reason for delay," "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties." And Rule 41(a) allows "only for the [voluntary] dismissal of an entire action," not individual claims within an action. *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1143 (11th Cir. 2023). "Any attempt to use [Rule 41(a) for] anything less than the entire action[ ] will be invalid." *Id.*

Read together, these rules make clear that unless a district court enters a Rule 54(b) certification, a partial summary judgment decision—no matter how conclusive it appears—"does not end the action as to any of the claims." Fed. R. Civ. P. 54(b). In that posture, a Rule 41(a) motion that omits the claims that are not finally resolved does not dispose of the entire action. And because Rule 41(a) permits dismissal only of an action in full, such a partial dismissal has no legal effect.

That is what happened here. The District Court granted summary judgment on two claims but did not enter a Rule 54(b) certification. The parties then sought to dismiss only the remaining claims between them under Rule 41(a)(2), apparently assuming that the summary judgment order had fully resolved the others. But that assumption was mistaken. Without a Rule 54(b) certification, the summary judgment order was provisional, the adjudicated claims remained part of the case, and the Rule 41(a) dismissal—which left those claims untouched—did not terminate the action. It therefore was "invalid upon filing." *In re Esteva*, 60 F.4th 664, 678 (11th Cir. 2023).

Because claims remain pending in the District Court, there is no final decision under 28 U.S.C. § 1291. We lack jurisdiction, and the appeal must be dismissed.

## I. Background

Because the resolution of this appeal turns entirely on procedural grounds, we need not recount the underlying facts. They are set out in the District Court's opinion at *CMYK Enters., Inc. v. Advanced Print Techs., LLC*, 2023 WL 4843344, at *1–2 (N.D. Ga. June 14, 2023). We focus instead on how the District Court disposed of the claims and counterclaims.

CMYK's amended complaint, filed on July 20, 2021, named four defendants: Advanced Print Technologies (APT), Frank Fruciano, AccessGroup International, and Clyde Tillman. It alleged four counts:

- Count I: Breach of contract against AccessGroup

- Count II: Fraud against Tillman and AccessGroup

- Count III: Breach of contract against Fruciano and APT

- Count IV: Attorneys' fees against all defendants

The defendants answered on August 17, 2021, and asserted counterclaims:

- AccessGroup pleaded three counterclaims:

  - Counterclaim I: Breach of contract

  - Counterclaim II: Unjust enrichment

  - Counterclaim III: Declaratory judgment

- APT and Fruciano pleaded six counterclaims:

  - Counterclaim I: Specific performance

  - Counterclaim II: Breach of contract

  - Counterclaim III: Unjust enrichment

  - Counterclaim IV: Quantum meruit

  - Counterclaim V: Breach of implied covenant of good faith and fair dealing

  - Counterclaim VI: Attorneys' fees

On that same day, AccessGroup and Tillman moved for judgment on the pleadings as to CMYK's fraud count (Count II).

24-13766                 Opinion of the Court                 5

The District Court granted the motion on January 5, 2022, dismissing Count II and removing Tillman from the case.

In November 2022, the parties cross-moved for summary judgment:

- AccessGroup moved for summary judgment on CMYK's breach of contract claim (Count I) or, in the alternative, partial summary judgment on any portion of the claim.

- CMYK cross-moved for summary judgment on Count I.

- APT and Fruciano moved for summary judgment on CMYK's breach of contract claim against them (Count III), and on their counterclaim alleging breach of contract (Counterclaim II).

On June 14, 2023, the District Court ruled as follows:

- Denied CMYK's motion for summary judgment;

- Granted partial summary judgment to AccessGroup on Count I and denied the rest of its motion; and

- Granted APT and Fruciano's motion in full as to CMYK's Count III and its Counterclaim II.[1]

---

[1] As we explain below, the District Court never entered final judgment on its summary judgment order. *See* Fed R. Civ. P. 54(b) (providing that a partial adjudication is not final absent express certification); Fed. R. Civ. P. 58 (providing that a judgment must be set out in a separate document).

CMYK and AccessGroup moved for reconsideration of the summary judgment order, which the District Court denied in February 2024.

On September 30, 2024, the parties filed a "Consent Motion for Voluntary Dismissal of Fewer Than All Claims." In that motion, filed under Federal Rule of Civil Procedure 41(a)(2), CMYK requested that its claim for attorneys' fees against APT and Fruciano (Count IV) be dismissed without prejudice.[2] APT and Fruciano, in turn, requested that five of their counterclaims be dismissed without prejudice: specific performance (Counterclaim I), unjust enrichment (Counterclaim III), quantum meruit (Counterclaim IV), breach of the implied covenant of good faith and fair dealing (Counterclaim V), and attorneys' fees (Counterclaim VI). The District Court granted the motion that same day.

On October 29, 2024, the parties confirmed that CMYK and AccessGroup settled their claims. The District Court dismissed the claims and counterclaims between them with prejudice.

---

[2] In substance the parties were attempting to amend their pleadings to remove surviving claims. Yet Rule 15, not Rule 41, governs amendments to pleadings. A party may withdraw individual claims before trial through a Rule 15 amendment—either with leave of court or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). For reasons unknown to us, however, they did not do that.

The next day, CMYK filed a notice of appeal challenging the District Court's order on summary judgment and its denial of its motion for reconsideration.

## II. Discussion

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 114 S. Ct. 1673, 1675 (1994). "[W]ithout jurisdiction the court cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869).

Our first obligation, then, is to confirm we have jurisdiction over this appeal. *See Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) ("We have a threshold obligation to ensure that we have jurisdiction to hear an appeal."). That threshold inquiry has two components: one constitutional, the other statutory. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999).

The constitutional requirement is satisfied. Article III extends the federal judicial power to certain enumerated categories of "Cases" and "Controversies," including those "between Citizens of different States." U.S. Const. art. III, § 2. That category—commonly known as diversity jurisdiction—has been implemented by statute. Under 28 U.S.C. § 1332(a), district courts have jurisdiction over civil actions between completely diverse parties where the amount in controversy exceeds $75,000. Here, the parties are citizens of different states, and the pleadings allege an amount in controversy above the statutory threshold. The case therefore falls within Article III.

The statutory question here is more complex. As a general rule, Congress has authorized appellate jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291.[3] A decision is final when it "resolve[s] all litigation on the merits and leave[s] nothing for the court to do but execute the judgment." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1360 (11th Cir. 2021) (citation and internal quotation marks omitted).

Whether the summary judgment order here qualifies as a final decision depends on how the case was procedurally resolved. Specifically, it turns on the interaction between two provisions of the Federal Rules of Civil Procedure: Rule 54(b), which governs partial judgments, and Rule 41(a), which governs voluntary dismissals. As with any rule of procedure, our analysis begins with the text. *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123, 110 S. Ct. 456, 458 (1989) ("We give the Federal Rules of Civil Procedure their plain meaning.").

*A. Rule 54(b)*

Federal Rule of Civil Procedure 54(b) governs the finality of orders in cases involving multiple claims or multiple parties. It provides:

---

[3] There are, of course, exceptions to the general rule that appellate jurisdiction extends only to final decisions—such as interlocutory appeals permitted under 28 U.S.C. § 1292 or the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46, 69 S. Ct. 1221, 1225–26 (1949). None of those exceptions apply here.

24-13766                 Opinion of the Court                          9

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The rule is unambiguous: in a case involving multiple claims or parties, an order that resolves some—but not all—claims is not final unless the district court certifies it for immediate appeal. *Accord Mullins v. Nickel Plate Mining Co.*, 691 F.2d 971, 973 (11th Cir. 1982) ("In the absence of a [Rule 54(b)] certification by the district court . . . a determination as to some but not all claims does not qualify as a final judgment . . . .").

As we have explained, a Rule 54(b) certification requires two steps[4]:

---

[4] Before 2007, Rule 54(b) also had a requirement that a district court make "an express direction for the entry of judgment." 10 Wright & Miller's Federal Practice & Procedure § 2655 (4th ed. 2025). That provision was removed as unnecessary "because when the court expressly determines that there is no

First, the court must determine that its final judgment is, in fact, both "final" and a "judgment." *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7, 100 S. Ct. 1460, 1464, 64 L.Ed.2d 1 (1980). That is, the court's decision must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action,'" and a "'judgment' in the sense that it is a decision upon a cognizable claim for relief." *Id.* (citing *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 76 S. Ct. 895, 900, 100 L.Ed. 1297 (1956)). Second, having found that the decision was a final judgment, the district court must then determine that there is no "just reason for delay" in certifying it as final and immediately appealable. *Id.* at 8, 100 S. Ct. at 1465. This inquiry is required because "[n]ot all final judgments on individual claims should be immediately appealable." *Id.* The district court must act as a "dispatcher" and exercise its discretion in certifying partial judgments in consideration of "judicial administrative interests"—including "'the historic federal policy against piecemeal appeals'"—and "the equities involved." *Id.* (quoting *Sears, Roebuck & Co.,* 351 U.S. at 438, 76 S. Ct. at 901).

---

just reason for delay it must then enter a final judgment in order to certify the matter for an appeal and the reference to an 'express direction' was not believed to add any additional substance to that ruling." *Id.*

*Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777–78 (11th Cir. 2007); *see also Chapman v. Dunn*, 129 F.4th 1307, 1313 (11th Cir. 2025) (explaining the "no just reason for delay" standard).

The District Court here took none of those steps. It did not determine that the summary judgment order was final, find that there was no just reason for delay, or otherwise enter judgment. Nor did the parties ask it to. Absent those findings, however, the Court's summary judgment order remained interlocutory and provisional.

That matters a whole lot. The parties seemed to presume that the summary judgment order finally resolved CMYK's claim for breach of contract (Count III) and APT and Fruciano's counterclaim for breach of contract (Counterclaim II). But Rule 54(b) makes clear that a partial adjudication—even one that addresses the merits—"does not end the action as to any of the claims" unless the court certifies it. Fed. R. Civ. P. 54(b). And because the Court never entered a Rule 54(b) certification, Count III and Counterclaim II remained pending at the time the parties moved to dismiss their other counts.

### B. Rule 41(a)

Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of an "action." The rule permits dismissal in one of two ways: by unilateral notice if the opposing party has not yet served an answer or summary judgment motion, or by stipulation or court order. *See* Fed. R. Civ. P. 41(a)(1)–(2). The parties here moved

under Rule 41(a)(2), which meant they had to receive a court order. *See* Fed. R. Civ. P. 41(a)(2). They did.

Even with a court order, however, the scope of Rule 41 is limited. As the text makes clear, it authorizes dismissal of "an action"—not individual claims within it. Fed. R. Civ. P. 41(a); *see Rosell*, 67 F.4th at 1144. "That has been clear in this Circuit and its predecessor for over fifty years." *Weinstein v. 440 Corp.*, -- F.4th --, 2025 WL 2092034, at \*1 (11th Cir. July 25, 2025); *see also In re Esteva*, 60 F.4th at 677 ("Rule 41(a) does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." (citation and internal quotation marks omitted)); *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) ("It is clear from the text that only an '*action*' may be dismissed. There is no mention in the Rule of the option to stipulate dismissal of a portion of a plaintiff's lawsuit—*e.g.*, a particular *claim*—while leaving a different part of the lawsuit pending before the trial court.") *State Treasurer of State of Mich. v. Barry*, 168 F.3d 8, 15 (11th Cir. 1999) ("[T]he Rule speaks of voluntary dismissal of 'an action,' not a claim.").

To be sure, "[w]e have recognized an exception to this rule, allowing plaintiffs to voluntarily dismiss less than the entire action so long as they dismiss a defendant in its entirety (i.e., they dismiss all of the claims brought against that defendant)."[5] *In re Esteva*, 60

---

[5] We also recently recognized that "Rule 41(a) permits the dismissal of a single *plaintiff* in a multiple-plaintiff case, so long as *all* claims that the plaintiff

F.4th at 677. But "that exception (if it can be called that) is compatible with the rule's text because in a multi-defendant lawsuit, an 'action' can refer to all the claims against one party." *Rosell*, 67 F.4th at 1144 n.2.

That principle governs here. The parties styled their joint Rule 41(a)(2) motion as a "Consent Motion for Voluntary Dismissal of Fewer Than All Claims." True to its label, the motion sought to dismiss only part of the litigation between CMYK and APT/Fruciano. Specifically, it asked the District Court to dismiss CMYK's claim for attorneys' fees (Count IV) and five of APT and Fruciano's counterclaims: specific performance (Counterclaim I), unjust enrichment (Counterclaim III), quantum meruit (Counterclaim IV), breach of the implied covenant of good faith and fair dealing (Counterclaim V), and attorneys' fees (Counterclaim VI).

But the parties did not seek to dismiss the parties' respective breach-of-contract claims—CMYK's Count III and APT and Fruciano's Counterclaim II. The parties (and the District Court) may have assumed that those breach-of-contract claims were resolved by the District Court's summary judgment order.[6] But as discussed above, the Court never certified that order under Rule

---

brought against any defendant are dismissed." *Weinstein*, 2025 WL 2092034, at *1

[6] The "Consent Motion" stated that "On June 14, 2023, the Court entered Summary Judgment for APT on its Breach of Contract claim and against CMYK on its Breach of Contract claim."

54(b), and without such certification the order did not reduce those claims to final judgment. They remained pending and subject to "revis[ion] at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See* Fed. R. Civ. P. 54(b).

That procedural posture proves fatal to the parties' effort to invoke Rule 41(a). Because the motion did not dismiss the entire action between CMYK and APT or Fruciano, it was "invalid upon filing." *In re Esteva*, 60 F.4th at 678; *see also Perry*, 891 F.3d at 958 (explaining that Rule 41(a) cannot be used to dismiss a claim when there is a "different part of the lawsuit pending before the trial court").

### C. Appellate Jurisdiction

Because the Rule 41(a) motion was "invalid upon filing," the claims it purported to dismiss remain pending in the District Court. *In re Esteva*, 60 F.4th at 677–78 ("[O]ur cases make clear that a voluntary dismissal purporting to dismiss a single claim is invalid, even if all other claims in the action have already been resolved."); *see Rossell*, 67 F.4th at 1144 ("[B]ecause the dismissal was ineffective, [the Count] is still pending before the district court."). And because those claims were never resolved by a final judgment, there is no appealable decision under 28 U.S.C. § 1291. *Rosell*, 67 F.4th at 1144. We lack jurisdiction.

This result could have been avoided by reading the Federal Rules of Civil Procedure. As discussed, Rule 54(b) makes clear that a partial adjudication "does not end the action as to any of the

claims." And Rule 41(a), by its plain terms, permits dismissal only of an "action"—not individual claims within it. We have said so before, but the text alone makes the point jump off the page.

Reading the Federal Rules would have also supplied other tools the parties could have used. One option (and the one that makes the most sense) would have been to amend the pleadings under Rule 15. As we have explained:

> "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." 8 Moore's Federal Practice § 41.21[2], at 41–32; *Barry,* 168 F.3d at 19 n. 9 ("Most likely, the proper way to drop a claim without prejudice is to amend the complaint under Rule 15(a)."); *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 n.2 (5th Cir. 1978) ("Rule 41(a) speaks of dismissal of an action, and the plaintiff's elimination of a fragment of an action . . . is more appropriately considered to be an amendment to the complaint under Rule 15.").

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004).

"Another option would have been to invoke Rule 54(b) before [submitting the Rule 41(a) motion]." *Perry*, 891 F.3d at 958 (emphasis omitted). "Rule 54(b) allows a plaintiff to seek and obtain final judgment on claims already defeated in an action with

other claims still pending, as long as 'there is no just reason for delay.'" [7] *Id.* (quoting Fed. R. Civ. P. 54(b)); *see also supra* Part II(A).

Still another option might have been to "sever a party's remaining claims" under Rule 21. *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1237 (11th Cir. 2020) (Pryor, C.J., concurring) (explaining the alternatives to a Rule 41(a) dismissal). That rule permits a court to "add or drop a party [or] sever any claim against a party." Fed. R. Civ. P. 21. If a district court grants severance, "[t]he severed claims would proceed as a discrete suit and result in their own final judgment from which an appeal may be taken." *Corley*, 965 F.3d at 1237 (Pryor, C.J., concurring) (citation and internal quotation marks omitted) (alterations adopted).

### III. Conclusion

The parties' Rule 41(a) motion was legally ineffective because it did not dismiss the entire action. Claims remain pending in the District Court, so the case is not over. We thus lack jurisdiction under 28 U.S.C. § 1291.

This appeal is **DISMISSED** for lack of jurisdiction.

---

[7] We take no position on whether the District Court's summary judgment order would have qualified for certification under Rule 54(b). We mention the rule only to illustrate that it can provide a procedurally valid route to appellate review when claims remain pending.