**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-14102
Non-Argument Calendar
_____

JOSHUA WALTHOUR,
    United States of America and The State of Georgia, ex rel,

*Plaintiff-Appellee,*

UNITED STATES OF AMERICA,

STATE OF GEORGIA,

*Movants-Appellees,*

*versus*


MIDDLE GEORGIA FAMILY REHAB LLC,

BRENDA G. HICKS,
    a.k.a. Brenda Taylor,
CLARENCE HICKS,

*Defendants-Appellants.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:18-cv-00378-TES
_____

Before JILL PRYOR, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

This appeal involves the parties' attempt to use Federal Rule of Civil Procedure 41(a) to dismiss the claims remaining before the district court following a partial grant of summary judgment. Because the Rule 41(a) dismissal was ineffective, the claims remain pending before the district court. We therefore conclude that we lack jurisdiction and dismiss this appeal.

## I. BACKGROUND

In 2018, Joshua Walthour filed a qui tam action against Middle Georgia Family Rehab, LLC, Brenda Hicks, and Clarence Hicks (the "Defendants"), asserting that they schemed to improperly bill Medicare, Medicaid, and TRICARE for occupational and physical therapy services not rendered. Walthour asserted four claims under the False Claims Act ("FCA") and one claim under the Georgia False Medicaid Claims Act ("GFMCA"). Nearly three years later, the United States and the State of Georgia (the "government") intervened and filed additional claims against the Defendants under the FCA, GFMCA, and the common law.

In December 2021, the government moved for partial summary judgment on over a thousand purported false claims for

payment that the Defendants submitted, but not the entirety of the counts alleged in its complaint. The district court granted the motion in part, and, following a hearing, entered partial judgment in favor of the government on 796 of the alleged false claims in the amount of $9,617,679.22. The court also certified the partial judgment for immediate appellate review under Federal Rule of Civil Procedure 54(b).

We dismissed the Defendants' appeal of this partial judgment for lack of jurisdiction. *See Walthour v. Middle Ga. Fam. Rehab LLC*, No. 22-12189, slip op. at 1 (11th Cir. Jan. 23, 2023). We found "that the order [wa]s not a 'final judgment' for purposes of Rule 54(b)," because it did not (1) "completely dismiss any party," or (2) "fully resolve any of the claims for relief contained in the government's complaint." *Id.* at 2.

When the proceedings returned to the district court, the parties advised that they would seek voluntary dismissal of the remaining pending claims. Following the resolution of Walthour's motion for attorney fees, the parties filed a "joint stipulation of partial dismissal" under Rule 41(a)(1)(A)(ii), stating that they "agreed that all claims except for those on which the government was awarded summary judgment" and "[Walthour's] claim for attorney[] fees, costs, and expenses . . . may be dismissed." The following day, the district court entered a paperless order directing the clerk of court to enter judgment pursuant to Rule 41(a)(2) because "all parties ha[d] stipulated to the dismissal of the remaining non-adjudicated claims." The Defendants now appeal.

## II. STANDARD OF REVIEW

We review questions of our jurisdiction sua sponte and de novo. *Weinstein v. 440 Corp.*, 146 F.4th 1046, 1050 (11th Cir. 2025).

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction." *CMYK Enters., Inc. v. Advanced Print Techs., LLC*, 154 F.4th 1329, 1334 (11th Cir. 2025) ("*CMYK*") (citation omitted). Indeed, "our jurisdiction is generally limited to final decisions of the district courts," and "an order that adjudicates fewer than all the claims against all the parties to an action is typically not a final judgment from which an appeal can be taken." *Weinstein*, 146 F.4th at 1050 (citation modified); *see* 28 U.S.C. § 1291. "[T]he way a party or claim is removed from a case c[an] affect whether a decision adjudicates all claims against all parties." *Weinstein*, 146 F.4th at 1050.

Rule 54(b) permits a court to "direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no reason for delay." Rule 41(a) governs "Voluntary Dismissal" and subsection (a)(2) allows for dismissal of "an action" by court order. Our jurisdiction over this appeal turns on the interaction between these rules, and to assist in resolving this issue, our recent decision in *CMYK* is instructive.

In *CMYK*, the parties asserted a total of thirteen claims and counterclaims. 154 F.4th 1329 at 1332–33. As relevant here, the parties filed cross-motions for partial summary judgment, and the district court granted the motions only as to two breach of contract

claims. *Id.* at 1333. After the district court denied reconsideration, the parties moved, under Rule 41(a)(2), for voluntary dismissal of the claims that were not resolved at summary judgment. *Id.* The court granted the motion, the parties confirmed that they had settled their claims, and the plaintiff appealed. *Id.*

On appeal, our Court determined that we lacked jurisdiction to review the district court's orders on summary judgment and reconsideration. *See id.* at 1332, 1338. We first explained that the parties' presumption that the court's summary judgment order "finally resolved" the two breach-of-contract claims was incorrect, as the court did not certify it for immediate appellate review under Rule 54(b). *Id.* at 1334–35. While we offered no opinion on whether the order would have qualified for immediate review, we concluded that the lack of a Rule 54(b) certification resulted in the parties' breach-of-contract claims being pending when they sought voluntary dismissal of the remaining counts. *Id.* at 1335, 1337 n.7.

Our Court further concluded that the parties' Rule 41(a)(2) motion was "invalid upon filing" because it did not seek to dismiss the claims that were resolved at summary judgment, which "remained pending and subject to revision at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.* at 1336–37 (citation modified). We explained that, because the parties' consent motion sought to dismiss less than the entire action, "the claims it purported to dismiss remain[ed] pending in the [d]istrict [c]ourt." *Id.* at 1337.

While the facts of *CMYK* are slightly different from the instant appeal, we find the reasoning of that case applicable to these circumstances. In this case, the court partially resolved the government's claims at summary judgment and then certified the order for immediate review under Rule 54(b). However, in a previous appeal, we determined that the order was not a "final judgment" within the meaning of Rule 54(b), and we stand by that determination in the present appeal. *See Walthour*, No. 22-12189, slip op. at 1–2; *see also Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997) ("A district court's Rule 54(b) certification is not conclusive on [our Court]."); *Dorsey v. Cont'l Cas. Co.*, 730 F.2d 675, 678 (11th Cir. 1984) ("The 'law of the case' doctrine invokes the rule that findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case. . . on a later appeal.").

We perceive no meaningful difference between the ineffective Rule 54(b) certification in this case and the absence of a Rule 54(b) certification in *CMYK*. Accordingly, we conclude that the government's claims resolved at summary judgment remained pending when the parties requested voluntary dismissal of their other claims. *See CMYK*, 154 F.4th at 1335. The district court's Rule 41(a)(2)[1] order dismissed only the claims that were not adjudicated

---

[1] As noted, the parties attempted to use Rule 41(a)(1)(A)(ii) to dismiss the remaining claims, which allows for dismissal without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." However, the district court likely employed Rule 41(a)(2) because the parties' stipulation did not include the signature of Walthour's counsel. *See City of Jacksonville v.*

24-14102                Opinion of the Court                7

at summary judgment, and our precedent is clear that "any attempt to use Rule 41(a) to dismiss anything less than the entire action will be invalid." *Weinstein*, 146 F.4th at 1051 (citation modified); *see Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023); *Esteva v. UBS Fin. Servs. Inc.* (*In re Esteva*), 60 F.4th 664, 677–78 (11th Cir. 2023). Therefore, the court's Rule 41(a)(2) order, which purported only to dismiss specific claims within the "action," was ineffective. *See CMYK*, 154 F.4th at 1336–37. As a result, those claims remain unresolved before the district court, and we are left without a final, appealable decision upon which to base our jurisdiction. 28 U.S.C. § 1291.

We note that the parties easily could have avoided the result of this appeal. "Rule 41(a) is a poor mechanism to accelerate appellate review," and "[t]he Federal Rules of Civil Procedure provide litigants with better options to secure an appeal." *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1235–37 (11th Cir. 2020) (Pryor, C.J., concurring). For example, the pleadings could have been amended under Rule 15(a) to remove the claims remaining after summary judgment. *See CMYK*, 154 F.4th at 1337; *see also Rosell*, 67 F.4th at 1144; *Perry v. Schumacher Grp. Of La.*, 891 F.3d 954, 958

---

*Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023) (explaining that all parties that have appeared in the action must sign the stipulation, not just the parties to the dismissal); *see also Sanchez v. Disc. Rock & Sand, Inc.*, 84 F.4th 1283, 1291–92 (11th Cir. 2023) (holding that, when a Rule 41(a)(1) stipulation fails, a district court may issue an order dismissing the action under Rule 41(a)(2)).

(11th Cir. 2018) ("There are multiple ways to dismiss a single claim without dismissing an entire action. The easiest and most obvious" being Rule 15.); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." (citation omitted)). Alternatively, Rule 21 could have been used to "sever a party's remaining claims." *CMYK*, 154 F.4th at 1337 (quoting *Corley*, 965 F.3d at 1237 (Pryor, C.J., concurring)); *see Weinstein*, 146 F.4th at 1052 n.2. "[T]he severed claims would proceed as a discrete suit and result in their own final judgment from which an appeal may be taken." *CMYK*, 154 F.4th at 1337–38 (quoting *Corley*, 965 F.3d at 1237 (Pryor, C.J., concurring)).

## IV. CONCLUSION

We **DISMISS** this appeal for lack of jurisdiction. Because we dismiss on this basis, we offer no opinion on the merits of this appeal.